Lockwood vs. Saffold.

No. 12.—ELEAZER LOCKWOOD, plaintiff in error, vs. SEABORN J. SAFFOLD, defendant in error.

The "*eventual condemnation money*," secured by an injunction bond, is the amount *ultimately* fixed, and settled by the judgment or decree of the court in the case.

The final judgment or decree of the court, in the case in which the injunction is sanctioned, affords the only legal evidence of the measure of damages, to be recovered in a suit on the injunction bond.

The defendant in error, in the year 1832, foreclosed two mortgages upon personal property, executed by one Christopher Keenan, and was proceeding to sell the property by virtue of the mortgage fi. fas., when Keenan filed his bill in equity, in Morgan Superior Court, alleging that he had equitable sets off to the amount for which the mortgages had been foreclosed, and praying, among other things, that said fi. fas. might be enjoined, until the final hearing of the bill. Lockwood, the plaintiff in error, became the security of Keenan on the injunction bond, given upon the filing of the bill. At March term, 1833, of said court, the matter in controversy between the parties was referred to arbitrators under the following order of court.

"Ordered, that the whole matter in controversy between the parties, including the cases pending in the Inferior Court of this county, be referred to the arbitrament and award of Isaac R. Walton, John Robson, and Isaac Walker, and should there be any amount allowed Christopher Keenan, the complainant, it shall be credited on the fi. fas. in favor of defendant, Seaborn J. Saffold, vs. Christopher Keenan, complainant, which have been enjoined. It is further ordered 'that the injunction staying proceedings of said fi. fas. be now dissolved, and the sheriff proceed to advertise and sell the property levied on by said fi. fas., subject to said fi. fas., and that the said arbitrators shall make up their award in sixty days from the adjournment of this court, and deliver the same to the clerk of this court, who shall hand a certified copy to the Sheriff, and if their award be in favor of Keenan, the amount awarded shall be allowed by the Sheriff as a credit upon said fi. fas. the remainder collected, and the referees select their own day and the place of sitting, and that they give the parties or their attorneys ten days notice of the time and place."

The arbitrators made and returned the following award:

"In accordance to a rule of reference to us directed from the Honorable the Superior Court of said county, at March Term, 1833, we have proceeded to the investigation of the matter in dispute between the parties, and do unanimously award and decree that the two mortgage fi. fas. issuing from the Inferior Court of said county, in favor of said Saffold vs. Keenan do proceed against the said Keenan; and we do further award and decree to the said Seaborn J. Saffold all the amounts which may be due the late firm of Saffold and Keenan, by note, book account, or otherwise, and one hundred and thirty-nine dollars and seventy-nine cents, an amount due by said Keenan to said Saffold, which amount we award and decree to be entered up against said Keenan on the bill in Equity."

The sheriff proceeded to sell all the mortgaged property, which failed to bring a sufficient sum to pay off the fi. fas.

The award made and returned by the arbitrators was, at the following term of Morgan Superior Court, made the judgment of the court, and execution was required to issue for the amount awarded, against said Keenan and his security on injunction.

In 1843, Seaborn J. Saffold brought suit against the plaintiff in error, the security on the injunction Bond, for the *eventual condemnation money,* which came on to be heard before Judge MERRIWETHER, at March Term, 1846, of Morgan Superior Court. There was no controversy as to anything contained in the award, or decretal order, except as to the sum which was the difference between the amount of the fi. fas. and the amount for which the property sold, it having been admitted that the balance of the decretal order had been complied with. The court below permitted the award and judgment, together with the mortgage fi. fas. to go to the jury as evidence of *condemnation money.*

The jury upon this evidence found a verdict for Saffold for the sum of $2,573 23, this sum being the difference between the amount of the fi. fas. and the amount for which the mortgaged property sold.

To the introduction of which testimony as evidence of *condemnation money* the counsel for the defendant below objected, and their objection was overruled by the presiding Judge, to whose decision they have assigned as error in law:

That the said court erred in permitting the record of the proceedings in Equity, and the mortgage fi. fas. to go to the jury as evidence of *condemnation money.*

CONE and REESE for the Plaintiff in Error.

DAWSON and FOSTER for the Defendant.

*By the Court*—WARNER, Judge.

This was an action instituted on an injunction bond by Saffold, the defendant in error, against Lockwood, the plaintiff in error, as the security for one Christopher Keenan. By the 3d section of the Act of 16th December, 1811, (*Prin. Dig.* 437,) it is declared: " No injunction shall be sanctioned or granted by any judge of the superior courts of this State, until the party requiring the same shall have previously given to the party against whom such injunction is to operate, by application to the clerk of the Superior Court for that purpose, a bond with good and ample security for the eventual condemnation money, together with all further costs." The bond in question was taken in accordance with the requisitions of the above statute. On the trial, the point was made, as to what should constitute the legal evidence of the eventual condemnation money, in a suit on an injunction bond. We are of the opinion " the eventual condemnation money," as contemplated by the legislature, is such only as may be ultimately fixed and settled by the judgment or decree of the court, and that such judgment or decree affords the only legal evidence of the measure of damages to be recovered in a suit on the bond. The Judiciary Act of 1799, providing for appeals, requires

the party appealing to give security for the *eventual condemnation money*, the uniform construction given to the terms, "eventual condemnation money," in that statute, has been, to make the security on appeal, bound for the amount of the judgment rendered, on the appeal trial.   Such being the practical construction given to the words of the Judiciary Act of 1799, at the time of the enactment of the statute of 1811, it is quite reasonable to conclude the legislature intended the words "eventual condemnation money," in the latter Act, should receive the same construction as in the former.   The term "condemnation" is defined by Bouvier, in his Law Dictionary, 295, to be "a sentence, or judgment, which condemns some one to do, to give, or to pay something; or which declares that his claim or pretensions are unfounded."   "Judgments are the sentence of the law, pronounced by the court upon the matter contained in the record."—*3d Bl. Com.,* 395.   The "eventual condemnation money," then, is that which the law sentences the party to pay ; expressed by the judgment of the court, the legitimate organ of the law.   The record in this case shows, the parties submitted the matter in dispute between them to arbitrators, who made an award, which was, in our opinion equivalent to the verdict of a jury.   Upon this award, the judgment of the court was pronounced in the following words : "It appearing to the court that a rule of reference was entered into by the parties the last term of this court in this cause, and it further appearing that the arbitrators therein mentioned met in pursuance thereof, who, after due deliberation and investigation of all the matters submitted to them, awarded to the defendant Seaborn J. Saffold the books of accounts, and notes to the late firm of Saffold and Keenan, and the sum of one hundred and thirty-nine dollars *in addition,* which award is now here in court.   It is therefore ordered, considered and adjudged, by the court, that said award be now made the judgment of the court, and entered of record accordingly : and that execution do issue for the amount so awarded against the principal and *his security on injunction.*"   The judgment of the court (the organ of the law) sentences, or *condemns,* if you please, that Keenan should pay to Saffold, *in addition* to the delivery to him of the books of accounts, and notes, the sum of one hundred and twenty-nine dollars, and that execution do issue for the amount so given against the principal *and his security on injunction bond.*   From what we have said, it follows, as a legal consequence, this judgment of the court must be taken as the only evidence of the eventual condemnation money in this cause.   If we allow ourselves to go behind the judgment for evidence of the eventual condemnation money, where are we to stop ?   We think the only safe rule is, to be governed by the *judgment alone,* in ascertaining what is the eventual condemnation money in a cause.   We are therefore of the opinion the court below erred in permitting the mortgage fi. fas. mentioned in the record, to be read in evidence to the jury as evidence of the eventual condemnation money on the trial of this case. The judgment of the court below must therefore be reversed, and a new trial granted.