Dearing *vs.* Bank of Charleston.

No. 82.—William Dearing, *et al.* plaintiffs in error, *vs.* The Bank of Charleston, defendant.*

[1.] A complainant in Equity may amend the title of his bill, so as to make it conform to the true character of the case made by it. The prayer of the bill may also be amended, so as to enable the complainant to have such relief as the allegations in his bill will entitle him.

In Equity, in Richmond Superior Court; motion to amend. Decided by Judge Holt, March Term, 1849.

A *fi. fa.* in favor of William Dearing against Samuel H. Peck, was levied on 310 shares of the principal stock of the Augusta Insurance and Banking Company, as the property of Peck. The stock was sold by the Sheriff, and a portion bought by Dearing. The Bank refusing to transfer the stock on account of a claim set up to the same by the Bank of Charleston, Dearing filed a bill in the Superior Court of Richmond County, against the Insurance

—————

*This cause was before this Court on other questions, and the decision reported in 5 *Ga. Rep.* 497.—[Rep.]

and Banking Company and the Bank of Charleston, and praying that the former Company might be ordered to transfer the shares to him. A rule was published for four months, requiring the Bank of Charleston to appear and answer. No appearance being entered, the bill was taken *pro confesso,* and a decree taken in accordance with the prayer.

The Bank of Charleston afterwards filed a bill in the Superior Court of Richmond County, entitled a bill *in the nature of a bill of review,* charging that they had no notice of the former bill, and praying that the former decree might be *" opened, reviewed and revised, altered, added to or amended."*

Counsel for the Bank of Charleston moved in the Court below, to amend the said bill by striking out the title to the same, viz : *" in the nature of a bill of review;"* and also by adding the following additional prayers, viz : " that your orator may be declared entitled, as against the said William Dearing, to the whole of the said shares, and to all the dividends since the seventh day of January, 1845 ; and that if the said shares be still standing in the name of A. G. Rose, Cashier, it may be decreed that the same do so remain, notwithstanding the order made in the case hereinbefore mentioned for the transfer of the same to the said William Dearing, and that the said William Dearing be enjoined from enforcing the execution of the said order, and that the Augusta Insurance and Banking Company account for all the dividends to your orator. But in case the said shares and dividends may have been actually transferred and paid over to the said William Dearing, then, and in that case, that he may be declared a trustee for your orator, and ordered to reconvey the shares, and account for the dividends that he or his agents may have received, and be enjoined from attempting to sell or dispose of the said shares."

Counsel for Dearing objected to the amendments, which objection was overruled by the Court, and defendants excepted and have alleged error in the Court—

1st. In allowing the complainants to strike out *the title* of the bill.

2d. In allowing the amendments to be made when they were inconsistent with and foreign to the object of the original bill.

A. J. MILLER, for the plaintiff in error, made the following points :

1st. A bill "in nature of a bill of review," can be filed only for the purpose of reviewing a decree. *Story's Eq. Pl.* §420, '1, '2. 3 *McLean's Rep.* 41.

2d. It cannot be amended by changing its title or otherwise, to accomplish a different object. 1 *Daniel's Ch. Pr.* 463, '5. *Story's Eq. Pl.* §425.

'GOULD, for defendant in error, contendad

1st. There was no error in striking out the title of the bill. The Court can always make such an amendment. If the bill *is* " a bill in nature of a bill of review," striking out the title will not alter its nature. If it is *not* such a bill, the title is incorrect and should be struck out.

2d. The amendment is consistent with the object of the original bill, which charges that Dearing took nothing by his purchase but Peck's equity, after paying the debt due the Bank, and prays that the Bank retain the stock and dividends till their debt be paid.

The present amendment only carries this out, and hence,

3d. The bill is not multifarious, as amended, for its sole object is to restore the complainants to the rights of which the former decree deprived them.

But, to take another view of the case, allowing amendments is discretionary, a mere matter of practice, and, in Equity, this discretion is very liberally exercised. *Story's Eq. Pl.* §883, '4, '5.

As a general rule, discretionary orders, especially in mere *practice,* are not subject to writ of error.

The Statute organizing this Court brings them, and all other orders of Superior Court, under this jurisdiction; but the drift of all our decisions is to exercise the power only in extreme cases, which this certainly is not. *Evans vs. Rogers,* 1 *Kelly,* 463. *Saffold vs. Kenan,* 2 *Ib.* 341. *Sanders vs. Smith,* 3 *Ib.* 127.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The error assigned to the decision of the Court below is, that the complainant was permitted to amend the *title* of his bill, and the *prayer* for relief. This bill, as originally filed, was not either a bill of review, or a bill in the nature of a bill of review,

but was a bill for discovery and relief, if its true character is to be determined by the allegations made in it. When this case was before us on a former occasion, we ruled, that the decree against the Bank of Charleston, a non-resident, was a *nullity.* The complainant, it is true, entitled it " a bill in the nature of a bill of review ;" but that was a *misnomer,* and the complainant now seeks to give to it its *legitimate* name. Under the very liberal practice indulged by Courts of Equity with regard to amendments, the complainant was, in our judgment, entitled to make the amendment in question, especially as there seems to be no objection as to the *time* at which the amendment was proposed to be made. In Courts of Equity, mispleading in matter of *form* is never allowed to prejudice any party ; the real and substantial merits of the case are always looked to. *Story's Eq. Pl.* 678, §883. 2 *Maddock's Ch. Pr.* 368. *Polk vs. Clinton,* (12 *Vesey,* 66,) is an authority for amending the *prayer* of the bill. We think the amendment was properly allowed by the Court below ; but in any event we should reluctantly interfere with the discretion of the Court below, in allowing the amendment of the pleadings in a suit in Equity.

Let the judgment of the Court below be affirmed.