No. 91.—STROHECKER and BALDWIN, plaintiffs in error, *vs.* MOSES D. BARNES, defendant in error.

Where premises are let and certain repairs are to be done by the landlord before the tenant takes possession, it is a condition precedent, which must be performed, otherwise no rent is recoverable if the occupation is abandoned for want of these repairs; and the fact that the tenant went into possession *before* the day stipulated, is no waiver of the repairs as a condition precedent.

Assumpsit for Rent, in Bibb Superior Court. Tried before Judge ALLEN, November Term, 1856.

This was an action for the recovery of rent, brought by Edward L. Strohecker, and Robert F. Baldwin as executor of Joseph A. White, against Moses D. Barnes.

The facts of the case are these: Sometime prior to the first of October, 1852, Strohecker and White, (who has since died and Baldwin is his executor,) rented to defendant a

house in the city of Macon to be occupied as a dwelling, from 1st of October, 1852, to 1st October, 1853, for the sum of $300, to be paid in quarterly instalments; and Strohecker and White agreed to do certain repairs to the house and fencing. The defendant went into the house on the 9th day of October, and found some workmen at work on the premises; but the repairs not being finished, he abandoned the house on the 12th and gave plaintiffs notice that he had quit, in consequence of the repairs not having been done according to contract. The defendant admitted that prior to moving into the house, he had agreed with plaintiffs to extend the time of completing the repairs to the 10th of October, and if done by that time it would be satisfactory to him.

Plaintiffs' counsel requested the presiding Judge, to charge the jury.

1st. That if they believed from the evidence that defendant went out of and abandoned the house, he thereby dispensed with plaintiffs doing any further repairs; and their failure to comply with any contract made with a subsequent tenant about the repairs, had nothing to do with this case.

The Court refused to charge the first part of this request, but charged the latter part to be the law.

2d. That if they found that Barnes went in on the 9th, under a new agreement, extending the time from the 1st to the 10th of October, knowing that certain repairs were not done, he was thereby bound to allow a reasonable time from that period to finish said repairs.

This the Court refused to charge.

3d. That if the jury believe from the evidence, that Barnes, both before and after the 1st of October, offered to exchange said house for another, and while in said house, offered to rent or sub-let it, he thereby waived the remaining repairs as a condition, or was bound to allow reasonable time from his going in for finishing the repairs.

Which charge the Court refused to give.

But charged, that defendants' offering to sub-let before or while in possession of the premises, did not relieve plaintiffs from their obligation to repair within a reasonable time.

Defendant's counsel requested the Court to charge:

1st. That if, when defendant rented the house, plaintiffs agreed to repair the premises by the 1st of October, afterwards extended to the 10th, and the repairs agreed on were not done by the 10th, they must find for the defendant.

2d. That if plaintiffs agreed to do the repairs by the 10th of October, and they were not completed by that time, they cannot recover; especially if plaintiffs did not make the repairs at all.

3d. The fact of defendant's going into the house on the 9th, and remaining there until the 12th of October, was no waiver of the repairs being done in a reasonable time; and if said repairs were not so done, they must find for defendant; and especially if plaintiffs did not finish the repairs at all during the year.

4th. It was the duty of plaintiffs to do the repairs, whether defendant remained in the house or not, and if they did not do it, they cannot recover.

Which four charges the Court gave as requested by defendant, and to which, and to the refusal to charge as requested, plaintiff's counsel excepted.

The jury found for the defendant.

RUTHERFORD, for plaintiffs in error.

LANIER & ANDERSON, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

When this case was before the Court, February, 1855, (17. *Ga. Rep.* 340,) we held, that construing the contract to mean that the tenant was to get possession the 1st of October, and that the repairs was a condition precedent, still his going in-

to the house after that time might be considered as a waiver of the repairs before that time, but that it did not dispense with the making them within a reasonable time thereafter.

The new testimony is, that Barnes agreed that the repairs might be done by the 10th of the month, and it is now insisted, that inasmuch as he went into possession before the time stipulated, that it is a waiver of the repairs altogether, as a condition precedent, and that he is bound for the rent, and the landlord is liable only for damages. We ask, how does the occupation *before* the time amount to a waiver? We do not feel the force of this position. He went in supposing the last agreement would be executed. He found six hands at work on Saturday the 9th. On Monday one only came back, and he did but little; and on Tuesday, Barnes left. He waited till the 22d, allowing the full period claimed to be sufficient to complete the repairs, and nothing being done, he served a written notice on the landlord, of his abandonment of the contract. The new testimony, in the opinion of this Court, weakens rather than strengthens the original defence. Certainly it does not help it.

Judgment affirmed.