JAMES N. SCOTT, plaintiff in error, *vs.* WM. J. P. RUSSELL, principal, and H. W. ALLEN, security, defendants in error.

When a bail-bond was taken by the sheriff, in a civil suit, payable to the plaintiff, conditioned that if the principal defendant shall well and truly pay and satisfy the condemnation of the Court, or render his body to prison in execution of the same, in terms of the law, in such cases made and provided ; and upon failure thereof, H. W. A., his security, shall do it for him : *Held,* that such a bail-bond was good and valid under the laws of this State.

*Scire facias* on Bail-bond.   Tried before Judge UNDER-WOOD, Polk Superior Court. July Term, 1867.

Scott brought complaint and bail against Russell to April Term, 1858 of said Court ; he obtained a verdict and judgment in 1862; sued out a *casa* against Russell on the 20th of February, 1866, (which was returned *non est inventus* on the 20th June, 1866,) and then sued out *Sci. fa.* against Allen, who had become Russell's bail.

The affidavit for bail was made by the plaintiff in person. The bail-bond was as follows :

GEORGIA, POLK COUNTY:

Know all men by these presents that we, William J. P. Russell and ........................., security, are held and firmly bound unto James N. Scott in the sum of two hundred and forty-one dollars and fourteen cents, for the true payment of which we bind ourselves, our heirs, executors and administrators jointly, firmly by these presents. Sealed with our seals and dated this April 28th, 1858.

The condition of the above obligation is such, that whereas a civil process requiring bail, at the suit of James N. Scott against said William J. P. Russell, in an action of assumpsit, returnable to the Superior Court for said county, on the fourth Monday in April instant, hath been served on said Russell : "Now if the said Russell, in case he is cast in the said suit, shall well and truly pay and satisfy the condemnation of the Court, or render his body to prison in execution of the same, in terms of the law, in such case made and provided, and

upon failure thereof the said H. W. Allen will do it for him, then the above obligation to be void, else to remain in full force and virtue.

W. J. P. RUSSELL,    [L. s.]

H. W. ALLEN, Security.    [L. s.]

Test and approved by

J. C. York, Deputy Sheriff."

To the *scire facias* the defendant plead that he was discharged because: 1st, the condition of the bond was onerous because it obliged the bail to render *his* body to jail if Russell failed to pay the judgment or surrender himself: 2d, because the bail affidavit was made by plaintiff's agent, who swore that he apprehended the loss of the debt, and not that his principal did: 3d, because no affidavit was made by plaintiff before the *casa* was issued: 4th, because the long delay in suing out *casa* increased the risk of the bail: 5th, the *casa* was not returned to the proper Court nor kept out by the sheriff, but returned to the Clerk long before the term of the Court: 6th, the bail delivered Russell to the sheriff the day after giving the bond, and the sheriff received Russell and released the bail; and lastly, Russell was in the Confederate States Army during the late war, and for this reason could not be found or delivered up by his bail.

At the trial attorneys for plaintiff offered in evidence said bail-bond. It was objected to, because it was not payable to the sheriff or to the officer taking the bail, nor to the plaintiff, because its condition was onerous, (as aforesaid,) and because it obliged him to pay the debt or surrender Russell.

The Court rejected the bond and plaintiff submitted to a non-suit. The ruling out of said bond is assigned for error.

Chisolm, Waddell, and Broyles for plaintiff in error.

T. W. Alexander, represented by Akin, for defendant in error.

WARNER, C. J.

The error assigned to the judgment of the Court below in this case, is the rejection of the bail-bond when offered in evidence to the jury. Two objections were made to the bond: First, because it was not made payable to the proper party. Second, because the condition of the bond was *onerous* and not such as the law requires. The 3348th section of the Revised Code requires the bail-bond to be made payable to the plaintiff. This bond *is payable to the plaintiff.* By the 3363d section *all bail* taken according to the provisions of the Code, shall be deemed, held and taken as special bail, and as such be liable to the recovery of the plaintiff. The 3348th section before recited, declares that the sheriff or other arresting officer shall take a bond payable *to the plaintiff* with one or more sufficient securities, for double the sum sworn to, and return the same to the Court with the petition and process to which it is made returnable. The requirements of the Code are, that the bail-bond shall be in double the sum sworn to, and payable to the plaintiff. No particular *form* for such bond is prescribed by the Code, but *all bail* taken in accordance with the provisions of the Code shall be deemed, held, and taken as *special bail,* and as such be liable to the *recovery of the plaintiff.* The bond in this case recites that a civil process requiring bail has been served on the defendant, Russell: " Now, if the said Russell, in case he is cast in the said suit, shall well and truly pay and satisfy the condemnation of the Court, or render *his* body to prison in execution of the same, in terms of the law in such case made and provided, and upon failure thereof, the said H. W. Allen will do it for him, then the above obligation to be void. If Russell, the principal, shall pay the condemnation of the Court, that is to say, if he shall pay the amount which he shall be condemned to pay, by the judgment of the Court, or render· *his* body to prison in execution of the same, that is to say, in execution of the judgment of the Court as the law requires, and upon *his* failure to do so, his security, H. W. Allen, will do it for him, then the bond to be void. What is it that Allen, the security, has

bound himself to do ?   He has simply stipulated in his bond that Russell, *his principal*, shall pay the judgment of the Court, or render *his* body to prison in execution of the same, in terms of the law in such cases made and provided ; or that upon *his* failure to do so, that he, the security, will pay the judgment or surrender the body of *his principal* to prison in execution of the judgment as *required by law.*   The principal, in legal contemplation, is in the friendly custody of his bail, and the latter has the power and authority to surrender him to prison, or legal custody, at any time before final judgment on the *scire facias* against him.   Revised Code, section 3365. If the judgment of the Court is paid or satisfied by either the principal or the security, that is a release of the obligation of the bond.   If Russell surrenders *his* body to prison voluntarily in execution or satisfaction of the judgment, or if his security, in whose friendly custody he is, shall do it for him, that is, surrender the body of *his principal* to prison, as he is authorized to do under the law, in execution or satisfaction of the judgment of the Court, that is a release of the obligation of the bond, and in our judgment that is *the legal effect* of the bond given by the parties in this case.

In the case of Tucker vs. Davis & Potter, (15th Ga. Rep., 573,) cited by the defendant in error, the condition of the bond was—"Now if the said Goodman and Jerome, in case they are cast in their said suit, shall render their bodies to prison in execution of the law, in terms of the law, in such cases made and provided, and upon failure thereof the said securities will do it for them, then the bond to be void, &c." The objection to the bond in that case was, that there was no stipulation in it that the *principal should pay the debt or surrender himself in execution.*   This omission for the payment of the debt by the principal, or to surrender himself in execution in discharge of the bond, was held to be a fatal objection to the bond.   In this case, however, it is stipulated in the bond that Russell, the principal, shall pay the debt or " pay and satisfy the condemnation of the Court, or render his body to prison in execution of the same, in terms of the law, in such cases made and provided.   In Lockwood vs.

Saffold, (1st Kelly, 72,) this Court held, that "condemnation money" in a bond is the amount fixed and settled by the judgment or decree of the Court in the case.   In Tucker vs. Davis & Potter the Court further held, that the law did not impose it as a duty on the security on a bail-bond to surrender his principal to jail or to the sheriff, "that the security *may* discharge himself by surrendering his principal to the jail, or sheriff: he is not bound to do so."   If he *may* discharge himself by surrendering his principal, as it is declared that he may do by the 3365th section of the Code, it is extremely difficult to arrive at the conclusion, that it would be *unlawful* for him to stipulate in his bond to do that which the law *expressly authorizes him to do.*   It is true, the security may or may not surrender his principal, who is in his friendly custody, in discharge of his liability; if he does, it discharges him, if he does not, then he is liable upon his bond. . The point in the case is, whether the security on a bail-bond, who obligates himself to do, what the law expressly authorizes him to do in discharge of his liability, thereby imposes an *onerous* condition, which makes the bond void?   Can such a condition, inserted in a bail-bond, be said in truth *not to be . warranted by law?*   The law confers upon him the right to surrender his principal, at any time, before final judgment upon the *scire facias* for his own benefit and protection, and where the security obligates himself to do what the law expressly authorizes him to do for his own benefit and protection, to hold such an obligation to be *onerous* and *unlawful* is more than this Court is willing to do.   The judgment of the Court in Tucker vs. Davis & Potter was right upon the invalidity of the bond, in view of the *omitted* stipulation in it, but we are not willing to hold that the stipulation in the bond for the security to do what the law expressly authorizes him to do, for his own benefit and protection, is *onerous* upon him, or *unlawful,* and thereby makes the bond *void.*   The bail-bond in this case, in our judgment, is a legal and valid bail-bond under the provisions of the Revised Code.

Let the judgment of the Court below be reversed.