PARK *vs.* SNYDER, HARRIS, BASSETT & COMPANY.

> 78  571
> 99  419

Where, in a claim case, the question was whether the defendant in *fi. fa.* had transferred the property levied on in fraud of his creditors, and whether the claimant took with notice thereof, and where a deed from certain persons to the defendant in *fi. fa.* was introduced in evidence, and showed on its face that the consideration thereof was $50 paid in cash and the giving of certain promissory notes, and a lien was expressly declared and retained upon the land conveyed to secure the payment of the notes; and where there was evidence to show that the person taking a conveyance under the defendant had paid such of these notes as became due and were presented; it was error to charge that such a deed did not constitute and was not a mortgage on the property described therein for the notes for the unpaid purchase money. The lien, if it existed, was a fact which might have gone to explain the *bona fides* of the purchase and the possession by the vendee of the defendant of the deed from him to her. The charge cut off the jury from the consideration of the effect of this fact and other attendant circumstances.

April 7, 1887.

Debtor and Creditor. Fraud. Deeds. Mortgages. Liens. Charge of Court. Before Judge FAIN. Dade Superior Court. September Term, 1886.

Reported in the decision.

MCCUTCHEN & SHUMATE; GRAHAM & GRAHAM, for plaintiff in error.

JOHN G. HALE; R. J. MCCAMY, for defendants.

HALL, Justice.

The circumstances of the case are these: Executions had been obtained against one Cully, which, some three or four years, perhaps longer, after they had been issued, were levied on a certain lot of land in the possession of the claimant; and thereupon Mrs. Park interposed her claim to the same. It seems from the testimony that Mrs. Park and Mrs. Cully were the children of Mrs. Reynolds; that Cully was indebted to his wife, his mother-in-law and his sister-in-law in the sum of $1,200. When he found he was in failing circumstances, he conveyed to Mrs. Reynolds his entire stock of goods for the purpose of satisfying this demand. This conveyance was made at night, after having taken an inventory and setting apart the goods. And sometime after that, pending suits at the instance of the plaintiffs and the day before they went to judgment, he conveyed to Mrs. Reynolds, in addition to these goods, the lot of land and improvements thereon levied upon by the executions of these creditors and now claimed. That conveyance was also executed at night, and on the day previous to the judgments on which the executions levied were issued. Cully bought this land from O'Brien and Washington. They and others made him a deed in which they set forth the consideration fully, viz. the payment of $50 cash in hand, and the giving of certain promissory notes as the purchase money of that land, and payable at different

dates. The amount of the purchase money was between $300 and $400. In this deed there was a lien expressly declared and retained upon the land therein conveyed, to secure the payment of the notes described in the deed. After this sale was made to Mrs. Reynolds, there is evidence to show that she paid such of these notes as became due and were presented to her.

On the trial of the case, the court charged the jury, "that the title under which claimant held, dated 30th July, 1878, from O'Brien and Washington and O'Brien and others, to D. M. Cully (for it was signed by all of this concern personally as well as by their firm name) did not constitute and was not a mortgage on the property described in that deed for the notes for unpaid purchase money therein described." Error is assigned on that charge. The question here is of fraud or no fraud in this transaction. If Mrs. Reynolds entered into this contract with a view and purpose to delay and hinder creditors of Cully in the assertion of their rights, however valuable the consideration she may have paid for the land, it would be subject to the judgment, provided those to whom she subsequently conveyed it were chargeable with notice of this fraud upon these creditors. It does not appear that they were. The land was sold to Mrs. Cully and to Mrs. Park, and Mrs. Cully released her interest to Mrs. Park, her sister. They were infants at the time of the conveyances from Cully to their mother, Mrs. Reynolds. This conveyance from O'Brien and Washington to Cully was never recorded; but the conveyance from one Morgan to O'Brien and Washington was recorded and the record, so far as it shows any title to the land, shows that the title was in Morgan. This lien, if it existed, was a fact which might have gone to explain the *bona fides* of the purchase and possession by Mrs. Reynolds of the deed from Cully to her. From the consideration of the effect of this fact and other attendant circumstances, the jury were cut off by this broad charge of the judge. We think this was a lien in the nature of a mortgage, and that his

honor was mistaken in the interpretation that he placed upon this deed, as will appear from section 1955 of the code, which defines what a mortgage is. There are two cases very much like it, viz. *Jackson vs. Carswell*, 34 *Ga.* 279, and *Freeman vs. Bass, Id.* 355, 358, 369, the latter of which is almost identical with that now under consideration, in which, while the court did not say that the transaction was a mortgage, yet they were of opinion that it constituted a lien in the nature of a mortgage upon the property conveyed. It was an incumbrance upon the title which could only be removed by the payment of the debt which the land was given to secure.

Upon this ground, and this ground alone, the judgment is reversed.