## BLOCK *v.* ALLEN.

In the exercise of its chancery jurisdiction a superior court of this State may render a valid judgment foreclosing a mortgage, and having jurisdiction of the person of the mortgagor, may in addition to the foreclosure render against him a personal judgment in the same proceeding. The fact that the amount of the latter judgment is less than the sum for which the foreclosure was allowed is not a matter of which the defendant can complain.

May 11, 1896. Argued at the last term.

Equitable petition. Before Judge Milner. Catoosa superior court. February term, 1895.

Allen brought his petition alleging, that Block was indebted to him $800, besides interest, upon two promissory notes dated February 2, 1887, and due one and two years afterward, each for $400 principal; that they were given as part of the purchase price of a certain lot of land which plaintiff sold and conveyed to Block by deed of the same date with the notes, in which deed plaintiff retained a lien on the land to secure the payment of the notes, and expressly provided in said conveyance that the land was charged with their payment; that said lien is valid and subsisting, and plaintiff is entitled to judgment against Block for the amount due on the notes, and also to subject the land to their payment; that Block had conveyed the land to the Union Park Land Company, a corporation of which he was president and the principal, if not the sole, stockholder, which corporation took the land with notice of plaintiff's lien. Plaintiff prayed, that Block and said company be made parties defendant, that he recover of

27

Block the amount on the notes, that his lien on the land be enforced, and that he be granted such other and further relief as he was entitled to. Attached to the petition are copies of the notes and a copy of the deed. All appear to have been executed in Tennessee. The notes recite that they are given for part of the consideration for, and their payment is secured by a vendor's lien on, the land described in the deed. This deed recites that of the purchase-money of the land $800 is paid in cash, and for the residue Block has given to Allen two notes for $400 each, etc., for the payment of which notes a lien is hereby retained on the property hereby conveyed, and the purchaser takes said property subject to and charged with the payment of said notes.

On the trial, no issuable defense having been filed, plaintiff's counsel disclaimed any right to a judgment on the note due at one year, and only sought judgment on the note due at two years, and a judgment foreclosing the lien retained in the deed on the lot of land. Counsel for Block objected, on the ground that plaintiff had no right to have a personal judgment against Block on the note, and in the same suit a special judgment foreclosing the lien against the land; that the joinder of these two distinct causes of action was improper, for the reason that a recovery upon each involved the rendition of separate and distinct judgments involving separate and distinct modes for the enforcement of each. The objection was overruled, and upon the introduction of the note and deed the court rendered judgment against Block *in personam* for $400, with interest; and further, that the lien be foreclosed on the land lot, and the same be sold under the *fi. fa.* to be issued under this judgment and the proceeds applied to the payment of the same, and that "the personal judgment against said Block is for the same debt as foreclosure of lien is for, and the satisfaction of one is to amount to payment of the other *pro tanto*." To the ruling before men-

tioned, and the judgment rendered, defendant excepted. The bill of exceptions was certified by the judge on March 6, 1895, and served on counsel for defendant in error, March 12, 1895. On November 14, 1895, the presiding judge, at the instance of counsel for defendant in error, certified to the following as amendatory of the bill of exceptions: Plaintiff's counsel only disclaimed the right to a personal judgment against Block on one of the notes sued on, but insisted that the lien should be foreclosed on both the notes. He disclaimed the right to a personal judgment on the first of said notes to fall due, because the said note was about to become barred by the statute, and fearing that he could not get personal service on said Block in this case, he withdrew the note so far as seeking a personal judgment against Block on the same was concerned, and had sued the same to judgment in the State of said Block's residence, and as to said note he only asked a foreclosure of the lien in its favor, and as to the other note he insisted that the court should render both a general judgment on it and also a judgment of foreclosure of the lien in its favor.

W. H. Payne, for plaintiff in error.
J. H. Anderson, contra.

ATKINSON, Justice.

While the instrument under which the lien is claimed in the present case might not amount, in strict law, to a technical mortgage, yet it falls directly within the class of instruments which have heretofore been before this court for construction. In the case of *Park* v. *Snyder et al.*, 78 *Ga.* 571, and in the cases of *Jackson* v. *Carswell* and *Freeman* v. *Bass*, 34 *Ga.* 279 and 355 respectively, instruments of like kind were construed to create a lien upon the property. In the case of *Park* v. *Snyder*, above cited, the court held, that while the instrument construed was not in strict law a mortgage, it nevertheless constituted a

lien in the nature of a mortgage upon the property con-
veyed. In was an encumbrance upon the title, which could
only be removed by the payment of the debt which the
land was given to secure. So that, in the present case,
the instrument sued upon is an encumbrance upon the title.
There is a direct retention in the conveyance of a lien to
secure the unpaid purchase money, and that purchase
money was represented in the notes sued upon in the pres-
ent case. By the act approved October 24th, 1887 (Acts
of 1887, p. 64), establishing a uniform method of pro-
cedure in this State, there is such an amalgamation of the
equity and common law jurisdiction theretofore existing, as
that, at the present time, the court, while considering a
case under pleadings which conform to the requirements
of that statute, may grant full relief, whether legal or
equitable, to the plaintiff. The action in the present case
was brought in conformity with the requirements of that
act. The court had jurisdiction of the person of the de-
fendant. It had before it the lien reserved by the vendor
of the land. It had full power to give complete expres-
sion to all of the legal rights of both the parties, and there
was no want of jurisdiction in the premises. Upon the
trial the plaintiff abandoned his claim to have a per-
sonal judgment rendered against the defendant for the
full amount of his debt, but asked to be allowed a judg-
ment for the residue, and to have a lien declared for the
full amount of both debts. This was allowed, and we find
no error in the judgment so awarding. The fact that the
amount of the judgment rendered upon the promissory
note actually sued upon is for a less sum than that for
which the foreclosure is allowed is not a matter of which
the defendant can complain. We cannot understand how
he can be prejudiced by this action of the court. As was
declared by this court in the case of *Clay* v. *Banks,* 71
*Ga.* 374, "It is a well established rule, that when the court
of equity takes jurisdiction for one purpose it holds it for

all others necessary to the final settlement of all questions involved in the litigation between the parties growing out of and connected with that subject-matter." The foreclosure of mortgages is allowable in equity, and what could be accomplished by a court of equity prior to the act of 1887 can be as well accomplished at the present time in a court of law.

We conclude, therefore, that no error was committed upon the trial, and the judgment is accordingly

*Affirmed.*