### FITZPATRICK et al. v. PAULDING.

FISH, C. J. A petition which contained all the usual allegations appropriate to the recovery of the land therein described, mesne profits, and a stated sum as damages for the cutting by defendant of timber from the land, as well as for injunction to restrain further trespassing, and which alleged the insolvency of defendants, and that, if they were not restrained, the plaintiff would "be unable to collect from [defendants] the value of said timber they are proceeding to cut and remove and the mesne profits which your petitioner is entitled to recover in this suit," but which contained only prayers for a restraining order, for injunction, and for process, showed on its face a purpose to recover damages in that suit, and the omission of a specific prayer for their recovery was an amendable defect (*Dearing* v. *Bank of Charleston,* 6 *Ga.* 581; *Livingston* v. *Marshall,* 82 *Ga.* 281 (11 S. E. 542); *Lyons* v. *Planters' Bank,* 86 *Ga.* 485 (12 S. E. 882, 12 L. R. A. 155), and the want of such a prayer was curable by verdict. Accordingly, such defect was not cause for arrest of a judgment founded upon a verdict in favor of plaintiff for the recovery of a stated sum of money as damages. Civil Code, § 5365.

*Judgment affirmed. All the Justices concur.*

Argued July 24,—Decided December 17, 1908.

Motion to set aside judgment.  Before Judge Martin.  Twiggs superior court.  August 8, 1907.

*Olin J. Wimberly,* for plaintiff in error.