WORTHY *et al. v.* FARMERS LIFE CONFEDERATION *et al.*

ATKINSON, J.  1. If the pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside.  Civil Code, § 5959; *Union Compress Company* v. *Leffler*, 122 *Ga.* 640 (2), 642 (50 S. E. 483).  But a judgment will not be arrested or set aside for any defect in the pleadings or record that is aided by verdict, or amendable as matter of form.  Civil Code, § 5960; *Regopoulas* v. *State*, 115 *Ga.* 232 (41 S. E. 619); *Davis* v. *Bray*, 119 *Ga.* 220 (46 S. E. 90); *Reid* v. *Hearn*, 127 *Ga.* 117 (56 S. E. 129); *Fitzpatrick* v. *Paulding*, 131 *Ga.* 693 (63 S. E. 213).

2. The Farmers Life Confederation, a fraternal insurance society, made a motion in arrest, and also a motion to set aside a judgment.  At the hearing a single judgment was entered, which by its terms both "arrested and set aside" the judgment.  Error was assigned by the losing party.  The petition on which the judgment attacked was predicated was filed by children of Rich Neal, issue of a former marriage, against the Farmers Life Confederation and Texas Neal, the second wife and widow of Rich Neal, lately deceased.  It set forth and declared upon a certificate of insurance issued by the Farmers Life Confederation on the life of Rich Neal, and contained, among others, allegations to the effect that the plaintiffs were beneficiaries under the certificate, and that Texas Neal "has no child or children by said Rich Neal now living;" that Texas Neal had received from the society a sum of money for which she was liable to account to plaintiffs, and that the society was due them an admitted balance.  The certificate provided that the insurance was payable to "Texas Neal and children (explain relationship), wife and children, the beneficiary named in the application of the said member;" also that if the assured "should survive the beneficiary above named, then to any other beneficiary that may be named by him; and in case no other beneficiary is named, then to the heirs, executors, or administrators of the member [assured], subject to all the requirements and provisions in the constitution and by-laws of the association written hereon, which are conditions precedent and material parts of this contract."  The prayers, among others, were for an accounting relatively to Texas Neal, for a money judgment against the other defendant for the balance due on the certificate of insurance, and for attorney's fees, costs, and damages.  Texas Neal was not served, but a judgment was rendered against the society in favor of the plaintiffs for separate sums covering items as last above indicated.  *Held:* Relatively to the identity of the intended beneficiary, the most that .

could be said against the plaintiffs, children of Rich Neal, upon construction of the contract, is that the contract was ambiguous. It was susceptible of a construction that would make children of the assured by either marriage beneficiaries. See, in this connection, *Helmken* v. *Meyer*, 118 *Ga.* 657 (45 S. E. 450). The fact, which affirmatively appeared by allegations of the petition, that Texas Neal has no child or children by Rich Neal "now living," urged by counsel for defendant in error in aid of a construction of the contract which as matter of law would exclude the plaintiffs as beneficiaries, is insufficient for that purpose.

3. Under the circumstances enumerated, the judgment was not subject to attack by a motion in arrest on the ground that the petition showed on its face that plaintiffs were not beneficiaries under the policy, and consequently that it failed to set forth a cause of action.

4. The motion to set aside the judgment complained of some matters which were covered by the motion in arrest, but mainly of extrinsic matters which did not appear in the record from which the judgment sought to be set aside proceeded. In support of such matters there was no evidence offered at the hearing of the motion to set aside, and consequently the judgment in favor of the movant on that motion was unauthorized.

5. For reasons indicated in the preceding notes, the judge committed error in his rulings upon each of the motions.

*Judgment reversed. All the Justices concur.*

NOVEMBER 14, 1912. REHEARING DENIED DECEMBER 13, 1912.

Arrest of judgment. Before Judge Pendleton. Fulton superior court. December 27, 1911.

*Henry Walker*, for plaintiffs in error.

*John F. Methvin* and *W. H. Terrell*, contra.