### 9434. HARRELL *et al.* v. KUTZ & COMPANY *et al.*

WADE, C. J. This was an equitable proceeding instituted against Frank
Short and Julia Short, a partnership doing business under the firm
name of "Short & Company," and also against "Short & Company"
as a corporation. A receiver was appointed, and was subsequently dis-
charged, and the court passed an order returning the property to the
defendants upon the condition that they execute and "file with the
clerk of the superior court a bond, with security approved by the clerk
of said court, payable to the plaintiffs, and conditioned for the pay-
ment of such judgment and cost as the plaintiffs or any of them may

recover in said case." 'A bond was executed in compliance with this order. An auditor appointed in the case reported to the effect that the filing of the bond converted the equitable proceeding into a common-law suit, and recommended judgment against the defendants. The trial court entered judgment confirming the auditor's report, and an execution was duly issued and levied, whereupon defendants filed an affidavit of illegality, which sought to go behind the judgment for various reasons stated. Only two of the grounds are insisted upon in the brief of counsel for the plaintiff in error,—that the bond entered into by the defendants and their sureties was not in the nature of a bond for eventual condemnation money, and therefore, under the provisions of the Civil Code (1910), § 3550, it was necessary to bring suit on the bond in order to subject the bondsmen; and that, under the provisions of the Civil Code (1910), § 3544, the sureties on the bond could not be held liable, since the plaintiffs agreed, at the time of entering up judgment, that they would not levy the execution for several months, and this agreement tended to increase the risk of the sureties. *Held:*

1. "An agreement by a creditor with the principal debtor, made after the debt has become due and without the surety's consent, to forbear the collection of the debt for a definite period, if without consideration, does not discharge the surety. A promise by the principal debtor to pay interest upon the debt during the time of forbearance forms no consideration for such forbearance, when the debtor is already bound to pay such interest." *Tatum* v. *Morgan*, 108 *Ga.* 336 (33 S. E. 940). See also *Crawford* v. *Gaulden*, 33 *Ga.* 173 (3, 4, 5); *Bonner* v. *Nelson*, 57 *Ga.* 433; *Williams* v. *Kennedy*, 134 *Ga.* 339 (3) (67 S. E. 821)., The alleged agreement in this case was not in writing, and no consideration is alleged to have been paid by the defendants to the plaintiff for such extension of time.

2. Eventual condemnation money is that which is recovered in the identical case in which the appeal is taken. *Planters' Bank* v. *Hudgins*, 84 *Ga.* 110 (10 S. E. 501). "It is the amount fixed and settled by the judgment or decree of the court in the case." *Scott* v. *Allen*, 36 *Ga.* 498; *Jordan* v. *Callaway*, 138 *Ga.* 209, 211 (75 S. E. 101)., See also *Lockwood* v. *Saffold*, 1 *Ga.* 72. The bond given by the defendants in the instant case was for the payment of the judgments which may be rendered in the case, and will therefore be treated as a bond for the eventual condemnation money.

<em>Judgment affirmed. Jenkins and Luke, JJ., concur.</em>

DECIDED APRIL 12, 1918.

Affidavit of illegality of execution; from Colquitt superior court —Judge Thomas. October 10, 1917.

*W. A. Covington,* for plaintiffs in error.

*Parker & Gibson,* contra.