1. If the pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside. But a judgment will not be arrested or set aside for any defect in the pleading or record that is aided by verdict, or amendable as matter of form. Code, §§ 110-702, 110-704, 110-705; Worthy v. Farmers Life Confederation, 139 Ga. 81
(76 S.E. 856).
2. The prayers contained in the defendant's answer and amendments, considered with the plaintiff's petition, were sufficient as a matter of pleading to support the money verdict in favor of the defendant against the plaintiff, since, if they were defective, the defects were amendable and were cured by the verdict. Fitzpatrick v. Paulding, 131 Ga. 693 (63 S.E. 213); Wilson v. Groover, 146 Ga. 369
(91 S.E. 113); Haynes v. Armour Fertilizer Works, 146 Ga. 832 (92 S.E. 648); Mell v. McNulty, 185 Ga. 343
(195 S.E. 181); Rollins v. Personal Finance Co., 49 Ga. App. 365
(175 S.E. 609).
(a) The present case differs on its facts from Schmitt v. Schneider, 109 Ga. 628, 632 (25 S.E. 145), in which no verdict was rendered, the petition having been dismissed on general demurrer. It is also materially different from Evans
v. Thompson, 143 Ga. 61 (84 S.E. 128), and Riordan v. Baldwin, 150 Ga. 540 (104 S.E. 204), in neither of which was the absence of a prayer the only defect; nor was the judgment attacked, as here, by a petition amounting, as to this phase, to a mere motion in arrest. *Page 634 
3. Nor did such petition or motion of the administratrix show sufficient cause for opening the judgment for the purpose of allowing her to plead insufficient assets, since the petition, which she prayed to have "entered as her plea of plene administravit," did not allege any facts to show that, aside from the building, she did not have in her control sufficient assets to satisfy the verdict and judgment against her. See, in this connection, the Code, §§ 113-2108, 113-2110; Parker v. Dowdy, 58 Ga. 440; Lanier v. Huguley, 91 Ga. 791 (18 S.E. 39).
(a) In this view, it is unnecessary to determine whether, if the petition had alleged an actual want of assets, it at the same time alleged sufficient cause in equity for reopening the judgment in order to allow such belated defense, whether in the exercise of discretion, or otherwise. See, in this connection, Walton v. Jones, 53 Ga. 91; Gause v. Walker, 55 Ga. 129; Whiddon v. Williams, 98 Ga. 310
(24 S.E. 437).
4. The remaining prayers of the petition related to matters with respect to which the plaintiff would have no right as against the defendant, unless the judgment in his favor should be either arrested or reopened as prayed.
5. Under the preceding rulings, the judge did not err in dismissing on general demurrer the petition of the administratrix.
Judgment affirmed. Jenkins, P. J., Duckworth, Atkinson, and Wyatt, JJ., concur.
 No. 15140. JULY 3, 1945. REHEARING DENIED JULY 23, 1945.
On October 10, 1943, Mrs. Gertrude Cox filed an equitable petition against R. H. Schmelz, and against the sheriff and deputy sheriff of the civil court of Fulton County. The petition alleged substantially the following: The defendant Schmelz owned a described vacant lot in Fulton County, which he leased to one Croker with a provision that the lessee might erect improvements thereon and remove the same at the expiration of the lease. Croker erected an $1800 building on the lot, and assigned the lease to the plaintiff, with the assent of the lessor. Since the plaintiff entered into possession of said premises, the defendant Schmelz has made various efforts to have her execute a new lease reserving title to the building in the lessor, which she has refused to do, as she has a substantial investment in said building. Thereupon Schmelz commenced a course of conduct designed to embarrass her in the operation of her business on said premises (such conduct being specified). "13. On November 1, 1942, petitioner's . . representative offered the rent to due that day to Schmelz, and he refused to accept same unless petitioner's said representative would agree to surrender said lease and execute such a new lease as he had *Page 635 
been demanding. 14. In refusing to accept the rent said Schmelz stated . . that he was not going to accept any more rent unless petitioner would execute a new lease waiving her rights to remove said building . . as provided in said lease. 15. On account of said refusal of said Schmelz to accept the rent, and on account of his statement that he would not accept any more rent upon the conditions above stated, petitioner has not tendered said Schmelz any further rent as same became due, but petitioner now tenders into court the rental as provided by the terms of said lease of $35 per month." On February 6, 1943, Schmelz procured the issuance of a dispossessory warrant against the plaintiff, issued against "W. M. Auld alias Cox." Auld is the plaintiff's representative and agent. "18. By procuring said dispossessory warrant, which was issued on the allegation that four months rent were past due, and under the circumstances aforesaid, said Schmelz has terminated said lease. 19. That said Schmelz has terminated said lease, fraudulently as petitioner charges, for the purpose of preventing her removing the improvements thereon under the terms of the lease. 20. Petitioner having tendered said Schmelz the rent on said premises as provided in the lease, and he having refused to move said building from said premises, petitioner is now entitled to remove said building from said premises, and invokes the aid of a court of equity to the end that such decree be entered herein as will give her the rights which in equity she is entitled to." She prayed for an injunction against the further prosecution of the dispossessory warrant, against interference with her removal of the building, that the lease be decreed to be terminated, and that her right to remove the building be established. A restraining order was granted, which was continued on interlocutory hearing.
The defendant answered, denying the material averments of the petition, alleging non-compliance by the plaintiff with the terms of the lease, and offering to reinstate the lease if rentals were paid. Answering paragraph 15 of the petition, he alleged: "This defendant denies paragraph 15 of the petition, and says that no money has been paid into court as far as he can ascertain, and says that his only contention is that the terms of the lease be carried out, and that to carry them out the rental should be paid into court, or paid to him." He prayed that, "if the restraining order be continued, that the petitioner be required to pay into *Page 636 
this court the sums now due as rent on the premises, and all future sums that may become due." He thereafter filed a "motion," praying that the plaintiff be required to pay "some amount" as rental, or that he be given possession of the premises.
The plaintiff died pending the action. Mrs. Ellen K. Auld was appointed temporary administratrix of her estate, and was made party plaintiff. Thereafter the defendant, in an amendment to his answer, prayed that "the court determine who is bound to pay the rentals . . and the amount thereof which is due," and that he recover possession of the premises. In a subsequent amendment, he prayed that "any judgment for rent that may be rendered" be made a special lien on the building.
On the trial (June 4, 1944) the jury returned a verdict in favor of the plaintiff for the building, with the right to remove it, and for the defendant against the plaintiff administrator, for $630 "as rent." The plaintiff's attorney asserted a lien for $600 as his fee. Thereafter, on June 6, 1944, a decree was entered, ordering the sheriff to sell the building on the first Tuesday in July, 1944, and requiring the successful bidder to remove the building by July 11; fixing the lien of the plaintiff's attorney at $600 as a first lien on the proceeds of the sale of the building, and stating that, after the sale, an order would be entered directing disbursement of the proceeds, and apportioning the court costs. The building was bid in by the plaintiff's attorney for $175, $68.11 of which was by order of the court paid as the plaintiff's share of costs, and the remainder was paid to the plaintiff's attorney.
The decree of June 6 also gave judgment in favor of the defendant against "Ellen K. Auld as temporary administratrix of the estate of Gertrude Cox" for $630 as rent. On July 5, on petition of the defendant and by consent of the plaintiff, this judgment was amended by adding thereto a provision that the same was entered "against Ellen K. Auld, as temporary administratrix of the estate of Gertrude Cox in her representative character and defendant shall have and recover of plaintiff the sums set forth above, to be levied of the goods and chattels, lands and tenements, of the deceased, Gertrude Cox, in the hands of Ellen K. Auld as temporary administratrix of the estate of Gertrude Cox, for the purpose of administration."
On August 31, 1944, the plaintiff filed a petition or motion, *Page 637 
alleging substantially: There was never any prayer for a judgment against the original plaintiff or her administratrix. The plaintiff administratrix had valued the building in dispute at $1200, but under the circumstances it brought only $175. The plaintiff has collected $66 rental for said building, out of which she has paid $10 as premium on her bond as temporary administratrix. The defendant has made demand on her bondsman for payment of the judgment against her, and it is the defendant's purpose to collect said judgment from Ellen K. Auld individually, if he is unable to collect it from her as administratrix of Gertrude Cox, or from a permanent administrator, for the appointment of which he defendant has applied since the decree was entered. It was only upon the entering of the decree, the amendment thereof, the fixing of the attorney's lien, and the sale of the building, that there was any occasion for the plaintiff to file a plea showing what assets were in her hands to be administered and the priority of liens thereon. She prayed: That the payment of the $10 bond premium be approved; that she be permitted to pay the $56 remaining in her hands as temporary administratrix to her attorney to reimburse him on costs which he had been forced to pay; that the decree of June 6, 1944, be opened, with leave to the plaintiff to file this petition as her plea of plene administravit; that, as there is no necessity for any further administration, the court, in the exercise of its concurrent jurisdiction with the ordinary, grant her a discharge as administratrix and exonerate her bond; that the judgment against the plaintiff be vacated, set aside, and arrested because there was no prayer by the defendant for a judgment against the original plaintiff or her administratrix; that the costs be retaxed entirely against the defendant, as the judgment was void against the plaintiff; and that, upon payment of the costs by the defendant, the plaintiff's attorney be reimbursed by the clerk for the costs paid by him.
The defendant filed a general demurrer, which the judge sustained and dismissed the motion. The plaintiff excepted.