### 21946. WRIGHT et al. v. FLORIDA-GEORGIA TRACTOR COMPANY.

ARGUED FEBRUARY 11, 1963—DECIDED APRIL 4, 1963— REHEARING DENIED APRIL 16, 1963.

*William A. Zorn,* for plaintiffs in error.

*Hubert H. Howard, Thomas, Howard & Moran,* contra.

QUILLIAN, Justice. ■ Ground 1 of the motion in arrest of judgment presents the contention that the judgment entered upon the eventual condemnation money bond against the movants and their principal is void because it does not conform with the verdict returned in the case, the judgment being for the recovery of money, while, as the movant contends, the verdict is not a "money verdict."

The petition filed by Altman, the movants' principal, in which he prayed and was granted an injunction to prevent the Tractor Company from proceeding with the foreclosure of a bill of sale and the defendant's answer made a definite issue as to whether Altman was indebted to the Tractor Company in the sum of $3,624.91 as it contended, or in the amount of $251.52 as he contended. The petition, as appears in the foregoing statement of facts, alleged that the court of equity to which the petition was addressed should take jurisdiction of the entire controversy between the parties and adjudicate all of the issues of the case. As early as 1855, this court held in *Barnes v. Strohecker,* 17 Ga. 340 (3): "The Jury being out in charge of a case, the Court adjourned, giving them permission, in the hearing of Counsel, who made no objection, when they had agreed upon their verdict, to disperse, and return that verdict in the morning. The Jury agreed upon a verdict that night, as follows: 'We, the Jury, find for the plaintiff.' On the next morning, when they had assembled, the Court permitted them to amend the verdict according to the statement of the foreman; when a finding for the plaintiff to the full amount of his claim was inserted: *Held,* that this was regular and proper; that the intendment of the verdict, as first agreed upon, was a general finding; that is, a finding for the whole amount of plaintiff's claim, and that the amendment was nothing more than expressing this specifically."

The rule of practice stated in the *Barnes* case, supra, has never been adversely criticized in subsequent cases and has been cited approvingly in several cases, *Strohecker v. Barnes,* 21 Ga. 430, *Johnson v. Jones,* 68 Ga. 825, and even as late as 1945 in *Calhoun v. Babcock Bros. Lumber Co.,* 199 Ga. 171, 176 (33 SE2d 430), and is referred to in Annot., 116 ALR 828, 829 as authoritative precedent.

The verdict in the case sub judice is one for the recovery of money.

■ Ground 1 of the amended motion presents the further contention that the judgment is void because the party in whose favor it was rendered did not seek a money verdict. Where, as here, the pleadings join issue as to whether the prevailing party is entitled to a recovery in money, the omission of a

prayer for relief of that nature may be cured by amendment, and hence is not a ground of a motion in arrest of judgment. *Code* §§ 110-702 and 110-705; *Fitzpatrick v. Paulding*, 131 Ga. 693 (63 SE 213); *Mell v. McNulty*, 185 Ga. 343 (195 SE 181).

Factually similar to the present case is *Auld v. Schmelz*, 199 Ga. 633 (34 SE2d 860). There the defendants in a dispossessory warrant case pending in the Civil Court of Fulton County obtained an injunction restraining the prosecution of the proceeding. The petition as in the instant case alleged that the defendant in the dispossessory warrant case was without adequate remedy at law because he was entitled to interpose defenses that could not be entertained in the court where the case was pending. The petition addressed to the court alleged that the real issue was whether the plaintiff was indebted to the defendant in the amount the latter claimed or in a smaller amount. The defendant's answers denied the material allegations of the petition, but contained no definite prayer for a money judgment. This court held: "The prayers contained in the defendant's answer and amendments, considered with the plaintiff's petition, were sufficient as a matter of pleading to support the money verdict in favor of the defendant against the plaintiff, since, if they were defective, the defects were amendable and were cured by the verdict." *Auld v. Schmelz*, 199 Ga. 633 (2), supra, and cases cited.

■ Grounds 3, 4, 5, 6 and 7 in varying terms present two similar contentions: that the bond did not obligate the principal nor the sureties for any of the amounts under the judgment, and that the court was without authority for stated reasons to render judgment against the sureties.

The bond is conditioned to meet every requirement of an eventual condemnation money bond, and according to *Code* § 103-209 the judgment was legally entered upon the same. *Lockwood v. Saffold*, 1 Ga. 72; *Jordan v. Callaway & Co.*, 138 Ga. 209, 211 (75 SE 101); *Harrell v. M. Kutz & Co.*, 22 Ga. App. 235, 236 (2) (95 SE 717). We have not overlooked the cases where bonds were held not eventual condemnation money bonds because they were conditioned "to respond to the liability for damages that could not be recovered in the cases in which

they were made." See *Vickers v. Jones,* 200 Ga. 338, 348 (37 SE2d 205). The plaintiffs in error insist that the rules pronounced in those, and similar cases, are applicable here because, as they contend, the foreclosure of the conditional-sale contract, as a mortgage, was a proceeding in rem and in a case of that nature no recovery of money can be had. The position, for the reasons discussed in the first divisions of the opinion, is not sound. It must be remembered that when the injunction was granted restraining the prosecution of the foreclosure proceedings in order to afford Altman the opportunity to plead the setoff to which he contended he was entitled, the foreclosure lost its separate identity and became merged into the equity case. In the case of *Kidd v. Finch,* 188 Ga. 492, 495-496 (4 SE2d 187), it is held: "The plaintiff also invoked the equitable jurisdiction of the court for the purpose of obtaining an injunction to restrain further prosecution of the suit in the municipal court. Since the municipal court did not have jurisdiction to consider the plaintiff's claim for personal injuries, he could not in that court have prosecuted this claim, by cross-action or otherwise, and was therefore entitled to proceed as he did in the superior court, for the dual purpose stated. *Smith v. Wood,* 167 Ga. 630 (146 SE 441). 'Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose.' *Code* § 37-105. The petition did not embrace two separate actions, one in equity and one in law, but the entire controversy presented thereby constituted a single case in equity. 'Where a court of equity obtains jurisdiction for one purpose, it will retain it until full and satisfactory justice is rendered to all parties concerned.' *McDonald v. Davis,* 43 Ga. 356; *Allen v. Elder,* 76 Ga. 674 (2-c) ; *Ray v. Home & Foreign Investment & Agency Co.,* 106 Ga. 492 (4) (32 SE 603) ; *Egan v. Conway,* 115 Ga. 130 (3) (41 SE 493) ; *Jenkins v. Flournoy,* 157 Ga. 618 (122 SE 309) ; *Citizens & Southern National Bank v. Fleming,* 181 Ga. 116 (3) (181 SE 849)." The foreclosure then became an equitable foreclosure of the bill of sale, as a mortgage. "In the exercise of its chancery jurisdiction

a superior court of this State may render a valid judgment foreclosing a mortgage, and having jurisdiction of the person of the mortgagor, may in addition to the foreclosure render against him a personal judgment in the same proceeding." *Block v. Allen,* 99 Ga. 417 (27 SE 733).

But, regardless of whether the foreclosure be considered as statutory or equitable, when the defendant in the foreclosure proceedings procures the dissolution of a levy by order of a court of equity conditioned upon him giving bond to pay the judgment entered in the identical case, the bond takes the place of the property levied upon, as security for the debt for the collection of which the foreclosure was instituted. The obligation of Altman to pay the debt was the same before as after the bond was made, but the bond simply shifted the security for the debt from the property held in custodia legis and released by virtue of the bond to the obligation of the principal and sureties assumed under the terms of the bond. The debt secured by the conditional-sale contract in the case was the debt of the principal Altman that arose and existed independently of the bond.

The bond, unlike those considered in the cases relied upon by the plaintiffs in error, was given to satisfy a liability that existed independently of the obligation of the bond, and recoverable in the identical case in which it was made and approved.

■ Ground 2 of the motion is that the judgment was not responsive to any of the pleadings in the case. The ground is in part valid, for in so far as the judgment awarded the Tractor Company $428.50 as transportation costs it does not conform to the pleadings; such costs were evidently not a part of the court costs, for the judgment contains a separate item reading: "and $_____ court costs . . ." There is no provision in the conditional-sale contract set out in the pleadings that provided for the payment of any charge for transportation and no intimation, much less averment, in any of the pleadings that the Tractor Company was entitled to compensation for transportation of any person or thing. The remainder of the judgment, however, is fully authorized by and responsive to the pleadings.

The judgment conforming to the pleadings and verdict except as to the recovery of the costs of transportation, the judgment is affirmed upon the condition that upon return of the remittitur to the trial court the $428.50 be written off and stricken from the judgment. See in this connection *Martin v. Martin,* 183 Ga. 787, 788 (189 SE 843).

*Judgment affirmed with direction. All the Justices concur.*