### 978.　SMALL *v.* LEE & BROTHERS.

Where a builder has in good faith intended to comply with a contract and has substantially complied with it, although there may be slight defects, caused by a misconstruction of the terms of the contract, and the house as built has been received by the owner, and is reasonably suited for the purposes intended, the contractor may recover the contract price, less the damage on account of such defects.　In such case the true measure of damage is the difference between the value of the house as finished and the house as it ought to have been finished under the contract, plans, and specifications.

Foreclosure of lien, from city court of Atlanta—Judge Calhoun. January 11, 1908.

Argued March 11,—Decided June 18, 1908.

*James L. Key,* for plaintiff in error.

*J. W. Moore, George Gordon,* contra.

HILL, C. J.　Lee & Brothers built a house for Mrs. Small for a contract price of $1,801.10.　The sum of $1,150 was paid to them on account, and this suit is brought for the balance, $651.10. The defendant admits the contract, but pleads, that the plaintiffs did not comply with its terms; that the contract, plans, and specifications called for a house with a veranda and rooms of certain dimensions, but that the house constructed by the plaintiffs contained a veranda and rooms of smaller dimensions than were required by the plans and specifications.　Her plea sets forth in parallel columns the exact difference in the veranda and rooms as constructed and as specified; and the evidence, under the defendant's construction of the contract, sustains the plea in this respect.　The defendant claims, that on account of the reduction in the size of the veranda and rooms she is entitled to an abatement of $750 in the price of constructing the house, and that to this extent there was a failure of the consideration of the contract.　She also claims, that the market value of her property has

been injured, on account of the reduction in the size of the rooms, to the amount of $1,000, and that she should be allowed· this sum as a set-off, and a judgment for the excess as damages. The controversy between the parties arises on the different construction of the terms of the contract, plans, and specifications relating to the measurements of the rooms, the plaintiffs insisting that the measurements given meant outside measurements,—that is, that the measurements were from outside of walls to outside of walls,—and that, this being true, they fully complied with the contract. The defendant contended that the measurements were inside measurements,—that is, from inside of walls to inside of walls,—and that, according to this construction, the veranda and rooms of the house were two feet narrower and two feet shorter than they should have been, if the contract in this respect had been complied with. The jury found a verdict for a less sum than was claimed by the plaintiffs, and the foregoing issue of fact as to measurements seems to have been solved in favor of the defendant's construction; and the learned counsel for the plaintiff in error, in his brief and argument, concedes this to be true, and that the verdict is right, if the jury was properly instructed as to the correct measure of damages. The measure of damages under the facts of the case is, therefore, the only material question for the decision of this court.

The trial court instructed the jury that the measure of damages was "the difference in the cost of the house that the plaintiffs turned over to the defendant, and the house that was contracted to be built by the plaintiffs and turned over to the defendant." This instruction is assigned as error, on the ground that "it restricted the consideration of the jury to the difference in the size of the house and the difference in the value of the two sizes of the house; and it excluded from the consideration of the jury a consideration of the true measure of damages," which the defendant contended "was one of two propositions: First, the difference in the market value of the whole premises,—house, lot and all,—between the house as contracted for and the house as built. Second, it excluded from the consideration of the jury what it would take to make the house as built conform to the house as contracted for." We have given to this question a thorough examination, and we find that the authorities are somewhat

in conflict.  We have concluded that the measure of damages must necessarily vary with the facts of the particular case and be determined according to these facts.  We think that when a contractor builds a house substantially different in dimensions and form, or in the materials used, from that contracted to be built, it is in no wise a compliance, even in part, with his contract; and in such case he would not be entitled to recover the contract price, unless he made the house comply with the contract.  In such case the owner would have a right to demand that the building be completed according to the contract, plans, and specifications, as a condition precedent to the payment of the contract price.  But the application of this rule would be unjust and inequitable. where there has been a substantial compliance by the contractor with the terms of the contract, and the house as built is practically suited to the uses intended, there being only a slight deviation in finishing the house in the mode agreed upon, and the owner receives and retains the house, and thus gets the benefit of the labor and materials of the contractor.  In such case the contractor may recover the contract price less the damage on account of such defect.  Twitty v. McGuire, 7 N. C. 501; Pinches v. Swedish Church, 55 Conn. 183 (10 Atl. 264) ; Woodward v. Fuller, 80 N. Y. 312.'

Where the defects in the house as constructed may be remedied at a reasonable expense, it would be proper, we think, to deduct from the contract price the sum which it would cost to complete it according to the requirements of the plans and specifications. Blakeslee v. Holt, 42 Conn. 226.  If the contractor has built a structure substantially adapted to the purposes for which it was built, and of which the owner is in the use and enjoyment, but the defects of the structure can not be made to conform strictly to the requirements of the contract, except by an expenditure which would deprive the contractor of adequate compensation for his labor and materials, justice and equity would require the adoption of another measure of damages.

In this case the contractor did not wilfully deviate from the plans and specifications, but built a house according to his construction of the measurements the rooms required.  The house was in every respect a compliance with the contract, except that it failed to make the rooms and veranda of such dimensions as the

owner of the house wanted, and what she insisted she was to receive. She accepted the house and occupies it as her residence, and has thus received from the contractor a substantial benefit from his labor and materials. We do not mean to say that she has, by accepting the house, waived her right to any damage which she has incurred by reason of the contractor's failure to comply with the plans and specifications in reference to the dimensions of the rooms; for, notwithstanding the fact that she received the house and is occupying it, she is still entitled to be in the same condition financially as she would have been had the contract been fully performed by the contractor. She has a right to a house as good as that which the contractor agreed to finish, but the assertion of her right should be in such a manner as not to deprive the contractor of a fair and just compensation for his labor and materials. Under the facts of this case, we think that the true measure of damage, and one which would not be unjust in its application to either party, would be the difference between the value of the house as finished and the house as it ought to have been finished. To require that the house should be rebuilt, and that the contractor should pay the cost of rebuilding, or that the estimated cost of making the house conform to the contract should be allowed as damage, would be to give an unconscionable advantage to the owner, and would deprive the contractor of adequate compensation for his work and materials. The difference in the market value of the entire premises between the house as constructed and the lot, and the house as it should have been constructed and the lot, furnishes no just criterion by which the damage to the defendant could be ascertained. This rule of damages would only apply where the house had been located on a different part of the lot than it should have been according to the contract. In such case the location of the house might affect the value of the entire premises. In such case the measure of damages is not the expense of moving the house, but the difference in the value of the property with the house misplaced and the value it would have if the house was set on the lot according to the plan. Oslen *v.* Henderson, 113 N. Y. App. Div. 676 (99 N. Y. Supp. 917).

We therefore conclude that the measure of damages which the trial court gave the jury, under the facts of this case, was the true measure,—that is, the difference between the value of the work

as actually done and the value which it would have had if it had been done properly in pursuance of the contract. 2 Joyce on Damages, §1389, and many decisions cited.

The other assignments of error are immaterial and without merit.

Judgment affirmed.