## 3817.   DORNBLATT *v.* CARLTON.

Where one contracts with the owner of a house to install therein a heating plant of a certain character and quality, and the plant actually installed is inferior to that contracted for, the measure of the owner's damage is the sum required to make the plant conform to the specifications fixed by the contract.   This rule is not in a particular case varied by reason of the fact that the contractor offers to make the necessary changes for a specified sum, and to give bond for the faithful performance of the work.

DECIDED MARCH 6, 1912.

Action on contract; from city court of Athens—Judge West. October 20, 1911.

*Blanton E. Fortson, John J. Strickland,* for plaintiff in error. *Cobb & Erwin,* contra.

POTTLE, J.   Carlton employed Dornblatt to install a hot-water plant in his dwelling, and paid him the full amount of the purchase-price, upon Dornblatt's assurance that the work would prove satisfactory and that if it did not, he would make it so.   The work not proving satisfactory, Carlton had it overhauled at an alleged expense of $687.67, for which he sued Dornblatt.   The jury found for Carlton $604.87 principal, and Dornblatt's motion for a new trial was overruled.   The only defense insisted upon here is that inasmuch as Dornblatt offered to make the necessary changes for $175, and to give bond for the satisfactory performance of the work, this sum fixed the measure of the plaintiff's damage.

We can not assent to this view.   The questions for the jury were: Was Carlton damaged?   And if so, how much?   The defendant's estimate of the sum necessary to bring about a compliance with his contract was not conclusive, nor did his offer to give bond to do the work for the sum so fixed by him bind the plaintiff to entrust the repairs to him.   Assuming, as the jury found, that it would cost slightly more than $600, the plaintiff was not bound to give the defendant an opportunity to do further unsatisfactory work, merely

because he offered a bond, upon which the plaintiff might sue for the ultimate damages he would sustain. The jury found that the defendant had failed to perform his contract. The plaintiff had a right to have the work done in accordance with this contract and charge the defendant with what the repairs were reasonably worth in the market. The verdict was warranted by the evidence, and no error of law was committed.                    *Judgment affirmed.*