12192.   HINES, director-general, v. ADAMS.

An illegal arrest was shown by the evidence, and the verdict for damages was not excessive.

The alleged error in the charge of the court was not harmful, in view of the amount of the verdict.

DECIDED JUNE 14, 1921.

Action for damages; from city court of Savannah — Judge Freeman. January 6, 1921. Companion case, post, 157.)

*H. W. Johnson,* for plaintiff in error.

*Paul Fusillo, Alvan D. Rowe,* contra.

LUKE, J. This case arises out of a tort alleged to have been committed by Walker D. Hines, director-general of railroads, acting by and through his conductor, in ordering and procuring the arrest of Adams and his wife by certain police officers of the City of Savannah. There is evidence showing that Adams was prevented from purchasing tickets for himself and wife from Fort Screven to their destination in Savannah, because of the absence of the ticket agent at Fort Screven, and that they were transported to Savannah. As to what occurred at the Savannah station when Adams and his wife alighted from the train, Adams testified as follows: "When we got to Savannah, he [the conductor] walked up, he and two policemen with him, and the policeman says, ' Are you the fellow that refused to pay your fare? ' I told him, ' No, I only refused to pay the excess fare,' and he says, ' Well, if you don't pay your fare, we will have to arrest you.' ' Well,' I says, ' I will pay the regular fare, but I won't pay the excess.' He turned to the conductor and says, ' What you want me to do? Put him under arrest? ' He says, ' Yes.' He says, ' I will have to take you to the barracks then.' I told him, ' All right.' So one of them stepped on the side of me and the other on the side of my wife. . . We walked on up until we got to the ticket-office, and there the policeman stopped in front of me and says, ' Have you decided to pay your fare? ' . . . So I paid it to him, and he handed it over to the conductor, and we walked on." Adams sought $100 damages for money alleged to have been expended by him for medical services and for the hire of an attendant for his wife, and $5,000 damages for humiliation suffered because of his alleged arrest. The jury found a verdict for $100.

1. The evidence showed an illegal arrest of Adams.

2. The jury's verdict of $100 did not disclose bias or prejudice, and was not excessive.

3. In view of the amount of the verdict, we can not say the excerpt from the judge's charge complained of was harmful error to the plaintiff in error; the evidence supported the verdict, and

none of the grounds of the motion for a new trial warrant a reversal of the judgment.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*