14962.  ATLAS ASSURANCE COMPANY LIMITED *v.* WILLIAMS.

LUKE, J. 1. A stipulation in a policy of fire insurance that "In the event of disagreement as to the amount of loss or damage, the same must be determined by competent and disinterested appraisers before recovery can be had hereunder" does not make such appraisal a condition precedent to a suit upon the policy, even though the company and the insured disagree as to the amount of the loss. *Liverpool &c. Insurance Co.* v. *Creighton,* 51 *Ga.* 95; *Goldberg* v. *Provident Washington Ins. Co.,* 144 *Ga.* 783 (87 S. E. 1077).

(*a*) Even if such stipulation were construed as a condition precedent, the company waived it, under the facts of this case, by failing to demand compliance with its provisions within the sixty-day period allowed by law for payment of the loss.

2. Where a verdict finds for a party an amount of interest greater than that to which he is entitled under the pleadings and the evidence, but the excess is voluntarily written off by him, thereby rendering the error harmless, the opposite party will not be heard to complain. *Griffin* v. *Witherspoon,* 8 *Ga.* 113.

3. One ground of the defendant's motion for a new trial complains of the admission in evidence, over its objection, of testimony relating the substance of a conversation between the plaintiff and a "Mr. Raine." Reference to the brief of the evidence is necessary to ascertain which Mr. Raine is referred to, and what connection, if any, he had with the case. From the brief of evidence it appears that George B. Raine was sworn as a witness for the defendant, and that J. H. Raine was its general agent. *Held,* that such a ground of error will not be considered by this court. *Ward-Truitt Co.* v. *Nicholson,* 23 *Ga. App.* 672 (2) (99 S. E. 153); *Sims* v. *Sims,* 131 *Ga.* 262 (62 S. E. 192), and cit.

4. The defendant's witness George B. Raine having testified, without objection, that J. H. Raine was the general agent of the defendant, the admission in evidence of a letter to plaintiff's counsel from the defendant's local agent who wrote the policy, referring to "John H. Raine" as such agent, even if erroneous, was harmless. For the same reason the charge of the court touching such letter can in no event afford the defendant cause for a new trial.

5. The evidence authorized the verdict, and, having the approval of the trial judge, will not be disturbed by this court.

> *Judgment affirmed. Broyles, C. J., and Bloodworth J., concur.*

> DECIDED JANUARY 16, 1924.

Action on fire-insurance policy; from Fulton superior court— Judge Ellis. July 2, 1923.

Affirmed by the Supreme Court, on certiorari. 158 *Ga.*

*Spalding, MacDougald & Sibley, Estes Doremus,* for plaintiff in error.

*A. W. White, E. G. Bentley,* contra.