31590. KENDRICK *v.* WHITE.

Decided June 18, 1947.

*Christopher & Futral,* for plaintiff in error.

*Goddard & Flynt,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ■ The defendant contends that the plaintiff, when he accepted the house with knowledge that inferior materials were used therein, waived any right to recover damages because of the defendant's failure to comply with the provisions of his contract, and that the verdict in favor of the plaintiff is contrary to the evidence and without evidence to support it. This contention can not legally be sustained. By accepting the house in the present case, the plaintiff did not waive his right to have as good a house as the contractor agreed to finish, or to recover damages from the contractor for the breach of his contract in failing to finish the house in accordance with the plans and specifications, so that the plaintiff would be in the same condition financially as he would have been had the contract been fully performed by the contractor. In *Small* v. *Lee & Brothers,* 4 *Ga. App.* 395, 398 (61 S. E. 831), this court ruled: "We do not mean to say that she [the plaintiff] has, by accepting the house waived her right to any damage which she has incurred by reason of the contractor's failure to comply with the plans and specifications in reference to the dimensions of the rooms; for, notwithstanding the fact that she received the house and is occupying it, she is still entitled to be in the same condition financially as she would have been had the contract been fully performed by the contractor. She has a right to a house as good as that which the contractor agreed to finish."

The cases cited and relied on by the plaintiff in error *(Porter* v. *Wilder & Son,* 62 *Ga.* 520, and *Board of Drainage Commissioners* v. *Williams,* 34 *Ga. App.* 731, 131 S. E. 911), are distinguishable on their facts from the present case. In each of these cases, there was sufficient evidence to support the finding of the jury that there had been a compliance with the provisions of the contract. In the present case there was ample evidence to support the finding of the jury, that the defendant had breached his contract with the plaintiff by using inferior · materials in the construction of said house and in the manner · in which he had constructed it, as al-

leged in the petition, and that the plaintiff had been injured and damaged thereby in at least the amount found by the jury in its verdict; and the judge did not err in overruling the general grounds of the motion for a new trial.

■ In the amendment to the motion for a new trial, the defendant alleged that the court erred in not giving any instructions to the jury as to how they were to estimate and measure the damages claimed by the plaintiff and in failing to instruct the jury that the measure of damages was the difference in "the cost of the house that the defendant turned over to the plaintiff and the house that was contracted to be built by the defendant," although no request to charge as to the measure of damages was made. Construing the pleadings and the evidence most favorably to the defendant, that is, that he acted in good faith, the proper measure of damages involved was the difference in *value* between the house as finished by the contractor and the house as it ought to have been finished by him under his contract with the plaintiff. *Small* v. *Lee & Brothers,* supra; *Boggs* v. *Shadburn,* 65 *Ga. App.* 683 (16 S. E. 2d, 234). The difference in the value is the rule as to the measure of damages in such a case, not the difference in cost as alleged in the amended motion. The plaintiff testified that the market value of the house at the time he accepted it was about $3000, and that the contract price for the house was $3980; and that after deducting the defects and the difference in the material that was furnished, that was the difference in value. It is not contended in the amended motion for a new trial that the damages awarded by the jury are excessive under the pleadings and the evidence in the case. Nor is it alleged in the amended motion how or in what manner the plaintiff was harmed by the failure to instruct the jury as to the proper measure of damages involved. The amount of the verdict was well within the range of the evidence, and if the proper measure of damages were applied to the facts disclosed by the evidence, a much larger verdict than that found by the jury could be legally sustained. It was ruled in *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (3) (85 S. E. 361), "The complaint in the 3d ground of the amendment to the motion for a new trial, that 'the charge as a whole totally fails to set forth the measure of damages by which the plaintiff, if at all, should recover from the defendant,' and the complaint in the 5th ground,

that 'the charge failed to give the jury a definite and correct rule by which to compute what sum, if any, was due by the defendant to plaintiff,' are too general, vague, and indefinite to be considered." Also, see *Smith* v. *Fuller Loan Company,* 23 *Ga. App.* 726 (2) (99 S. E. 309). Moreover, it is a general rule "that he who assigns error must show not only error but that the error was hurtful to him." *Southern Railway Company* v. *Wright,* 6 *Ga. App.* 172 (7) (64 S. E. 703). If there was error in the court's charge or omission to charge with respect to the proper measure of damages involved under the pleadings and the evidence, it does not appear that the defendant was harmed thereby. The court did not err in overruling special grounds 1, 2, and 3 of the motion for a new trial. In this connection, see *Southeastern Express Company* v. *Chambers,* 33 *Ga. App.* 44 (2) (125 S. E. 507); *Hines* v. *Adams,* 27 *Ga. App.* 155 (107 S. E. 618); *Boswell* v. *Barnhart,* 96 *Ga.* 521 (3) (23 S. E. 414).

The verdict is supported by the evidence and has the approval of the trial judge, no harmful error of law appears, and the judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs in the judgment.*