32059. ÆTNA INSURANCE COMPANY et al. *v.* YOUNG.

Decided October 14, 1948. Rehearing denied October 30, 1948.

*Dudley Cook,* for plaintiffs in error.

823

*C. Baxter Jones Jr., Powell, Goldstein, Frazer & Murphy,* contra.

PARKER, J. H. L. Young Jr. sued Ætna Insurance Company, and seventeen other like companies, on an insurance policy for alleged losses sustained on account of damages to the plaintiff's airplane caused by hailstorms. The policy provides that the maximum limit of liability for loss or damage to any of the component parts of the aircraft shall not exceed that percentage of the declared value shown opposite each component part. These percentages were: wings (equal amount on each), 20%; fuselage, 18%; ailerons (equal amount on each), 3%; stabilizers (equal amount on each), 4%; elevators (equal amount on each), 4%. For damages suffered by the aircraft while not in flight, $50 was deductible from each loss. The plaintiff sued for $1295 for losses from two hailstorms on different dates, claiming damages to wings, fuselage, ailerons, stabilizers, and elevators. The defendant admitted issuing the policy, but denied that the plaintiff had sustained losses thereon as alleged, and denied all liability to the plaintiff.

A verdict for $800 principal and $22.80 interest was returned for the plaintiff, and judgment entered thereon. The exception to the overruling of the defendants' motion for new trial brings the case to this court.

■ The plaintiff states in his brief that the interest included in the verdict and judgment is voluntarily written off by him. This seems to cure the error in awarding interest on an unliquidated claim. *Atlas Assurance Co.* v. *Williams,* 31 *Ga. App.* 536 (121 S. E. 135); *Poythress* v. *Hagan Grocery Co.,* 31 *Ga. App.* 611 (121 S. E. 864).

Other contentions made under the general grounds of the motion are that the verdict was unjust because the plaintiff sustained no loss, in that the airplane was worthless at the time of the hailstorms. However, the defendants admit that the question of loss and damage was the sole issue in the case; that there was adequate evidence in support of the contentions of both the plaintiff and the defendants; and that there was some evidence possibly sufficient to uphold the verdict in favor of the plaintiff. Therefore, a new trial is not demanded under the general grounds of the motion.

824

■ The court charged the jury as follows: "Under the terms of the policy, the declared value being $2000, if a wing was damaged, you would get 20% of the declared value of the plane; if the fuselage, 18%; the right aileron, 1½%; the left aileron, 1½%; stabilizer, 4%; elevator, 4%. Gentlemen, under the terms of the policy, you would apply those percentages against the declared value of the plane. After you arrive at that figure, you would deduct $100, being $50 deductible for two separate losses that they claim they suffered. Gentlemen, it would be solely a question of fact for you to determine what, if any, damage the plaintiff in this case suffered. If he suffered a damage, then you would apply the percentages in proportion to the amount of the loss to the particular items as against the declared value of the claim in question. I cannot tell you in any simpler terms. I will say it this way: If there was a loss to the plaintiff, it would be a question for you to say what the loss amounted to, using the percentages here and applying them to the declared value as provided for in the policy."

The defendants say that this charge was prejudicial and harmful to them because it in effect instructed the jury that, if they found damage, they could award to the plaintiff the maximum amount he could recover under the policy without regard to the actual loss sustained, and that said charge disregarded the terms of the policy limiting the insurer's maximum liability for loss or damage to any of the component parts of the aircraft to that percentage of the declared value shown opposite each of the component parts as listed in the policy. The objections of the defendants to the charge, as we understand and construe them, are that it authorized the jury to find and allow damages according to the percentages stated in the policy without regard to the actual loss or damage sustained by the insured. Another special ground of the motion alleges that the court failed to charge the jury as to how they could determine the amount of the loss and damage to the plaintiff, if any, within the meaning of the policy.

In addition to the charge excepted to, the court instructed the jury that "the sole question in this case is whether or not the plaintiff in this case suffered a loss and, if so, how much." In the charge, objected to, the court again instructed the jury that "it would be solely a question of fact for you to determine what, if

any, damage the plaintiff in this case suffered;" and that, "if he suffered a damage, then you would apply the percentages in proportion to the amount of the loss to the particular items as against the declared value of the claim in question." The last sentence in the charge objected to stated again that, "if there was loss to the plaintiff, it would be a question for you to say what the loss amounted to, using the percentages here and applying them to the declared value as provided for in the policy."

Some parts of the charge were clearly explanatory of other parts. The second paragraph of the charge excepted to explained and clarified the first paragraph. It seems to us that the jury must have understood that whether or not the plaintiff sustained a loss, and if so, the amount of such loss, were questions solely for their determination; and understood that the percentages stated in the policy for damages to the component parts of the airplane merely limited the maximum liability for each particular item of damage. The verdict was well within the range of the evidence under this construction of the charge. One witness testified in detail as to the damages to the several parts of the airplane, estimating the damages as follows: to the elevator, $15 to $20; the stabilizer, $40 to $45; the ailerons, $20 to $30; the wings, $300 to $350; and the fuselage, $400 to $450; all the damages aggregating from $775 to $895. Another witness estimated the several items of damages in greater amounts, making a total of $1245. The verdict in favor of the plaintiff was for $800 and interest, whereas the percentages of the declared value on the component parts of the airplane alleged to have been damaged which were recoverable under the policy totaled $980, less $100 deductible. We do not think that the charge, when considered as a whole, was erroneous for any reason assigned, or that it confused or misled the jury, the verdict being authorized by the evidence.

As to the complaint in the last special ground, that the court failed to charge the jury as to how they could determine the amount of the loss the plaintiff had, if any, within the meaning of the policy, harmful error is not shown. See *Kendrick* v. *White*, 75 *Ga. App.* 307(2), 310 (43 S. E. 2d, 285).

The court did not err in denying the motion for new trial, and that ruling is affirmed with direction that the $22.80 included in

the verdict and judgment as interest to date of trial be written off by the plaintiff.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed.* *Sutton, C. J., MacIntyre, P. J., Gardner and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The judge charged the jury as follows: "1. Under the terms of the policy, the declared value being $2,000, if a wing was damaged, you would get 20% of the declared value of the plane; if the fuselage, 18%; the right aileron, 1½%; the left aileron, 1½%; stabilizer, 4%; elevator, 4%. 2. Gentlemen, under the terms of the policy, you would apply those percentages against the declared value of the plane. 3. After you arrive at that figure, you would deduct $100, being $50 deductible for two separate losses that they claim they suffered."

This charge clearly instructed the jury that they could find a verdict in an illegal and improper way, for the reason that it authorized a recovery of the full percentage for each damaged part, regardless of the amount of damage to each part. After giving the above charges, the judge gave a correct charge without calling the attention of the jury to the error. I think that the charge above referred to was error and, in such a case as this, it is presumed to be harmful. There is no reasonable basis on which this court can predicate the ruling that the charge was harmless. We have no idea whether the jury followed the right or wrong part of the charge in making the verdict.