33878.   McKEE *v.* WHEELUS *et al.*

Decided March 7, 1952.

*Northcutt & Edwards*, for plaintiff.

*Wesley G. Bailey, Herman Wheelus*, for defendants.

Sutton, C. J.   Under the alleged parol contract, the defendants agreed to construct and install in a workmanlike manner cabinets on two walls of the plaintiff's kitchen and a "bull-nose" or dividing counter to separate a breakfast room from the kitchen. The wall cabinets were to fit the plaintiff's stove, dishwasher, and other places not specified.   The price was to be $422.75, which the plaintiff paid through his wife on completion of the job.   It was alleged that the payment was made in reliance upon the defendants' promise to repair the defects which the plaintiff's

wife then discovered and pointed out to the defendants, namely, that the cabinets did not fit around the window and that the formica surfacing on top of the base cabinets did not properly adhere thereto.

Under these facts, the plaintiff was entitled to some relief. Payment alone does not, as a matter of law, constitute acceptance of performance under a building contract, amounting to a waiver of undiscovered defects in such performance. 9 Am. Jur. 41, Building Contracts, § 54. The rule that the purchaser must exercise caution in detecting defects is confined to cases of implied warranty. *Cook* v. *Finch*, 117 *Ga.* 541 (44 S. E. 95). Where the builder has promised to remedy defects as a result of his workmanship actually known to the owner and pointed out to the builder, acceptance of the work by the owner and payment therefor in reliance upon the builder's promise to remedy the defects does not amount to a waiver of performance with regard to the known defects or to the defects subsequently discovered. *Kendrick* v. *White*, 75 *Ga. App.* 307 (43 S. E. 2d, 285); *Small* v. *Lee & Bros.*, 4 *Ga. App.* 395 (61 S. E. 831).

The plaintiff was entitled to have what he contracted for or its equivalent, and what that equivalent is depends upon the circumstances of the case. Where a substantial part of the work would have to be changed and rebuilt in order for the work to be done according to the contract, the owner would be entitled to recover the difference between the value of the work as done and the value of the work as it should have been done, provided that the builder acted in good faith. *Small* v. *Lee Bros.*, 4 *Ga. App.* 395 (supra); *Kendrick* v. *White*, 75 *Ga. App.* 307 (supra). On the other hand, if the builder's breach of the contract is intentional and in bad faith, or if the defects may be remedied without what would amount to destroying the work already done, the owner is entitled to recover the cost of making the work conform to that contracted for. *Dornblatt* v. *Carlton*, 10 *Ga. App.* 741 (73 S. E. 1085); *Trustees of Monroe Female University* v. *Broadfield*, 30 *Ga.* 1. Under the alleged facts, the petition does not seek a recovery of damages not sanctioned by law, as contended by the defendant in error.

The court erred in sustaining the defendants' general demurrer and in dismissing the petition.

*Judgment reversed. Felton and Worrill, JJ., concur.*