36032. Allied Enterprises, Incorporated v. Brooks et al.

Carlisle, J. 1. (a) The law imposes upon building contractors and others performing skilled services the obligation to exercise a reasonable degree of care, skill, and ability, which is generally taken and considered to be such a degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by others of the same profession. Block v. Happ, 144 Ga. 145 (86 S. E. 316); Porter v. Davey Tree Expert Company, 34 Ga. App. 355 (2) (129 S. E. 557). And, while it is true that, on the acceptance of the work by the owner after the building contractor has rendered the entire service for which he has contracted, the contractor is authorized to proceed to collect the balance due him by the terms of the contract, any damage to the owner resulting through the negligent performance of the contract by the contractor is a matter for recoupment. Block v. Happ, supra. Code § 20-1311 provides that "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." If the plaintiff in undertaking

to perform the building contract could, by the use of proper care and skill, have avoided the alleged damages to the defendant, and the defendant is required to incur additional expenditures in order to correct the situation brought about by the plaintiff, this would be a proper item of recoupment in reduction of plaintiff's demand. *Freeney* v. *Pape*, 185 *Ga.* 1, 4 (7) (194 S. E. 515); *Housing Authority of the City of Carrollton* v. *Ayers*, 211 *Ga.* 728, 733 (88 S. E. 2d 368).

(b) "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to defendant. In all cases where recoupment may be pleaded, if the damages of the defendant shall exceed in amount those of the plaintiff, the defendant shall recover of the plaintiff the amount of such excess." Code § 20-1314.

(c) Where, in such a case, the defendant by cross-action claimed such damages as indicated above, his action is not one arising ex delicto and is not in the nature of a set off such as to require the grant of affirmative equitable relief and is not such an action as that in those cases exemplified by *Bibb Basket Co.* v. *Eufaula Bank & Trust Co.*, 42 *Ga. App.* 394 (156 S. E. 310).

(d) Where such an action is brought by the building contractor against the owner in a court of law only, which has no equitable powers, and has a jurisdictional limitation of $1,000 on the amount recoverable in that court; and, the defendant owner in his original cross-action, in the nature of a recoupment seeks to recover damages in the amount of $3,000, such cross-action may be amended to reduce the amount claimed to a sum within the jurisdictional limitation of the court. Code § 81-1301.

(e) Under an application of the foregoing principles of law to the facts of the present case, in which the plaintiff seeks to recover a balance due under a contract for the remodeling of the home of the defendants; and the defendants in their cross-action allege that the plaintiff's failure to perform his obligations properly under the terms of the contract resulted in specified items of damage to them, the cross-action is in the nature of a recoupment, of which the court, as one of law only, has jurisdiction; and such cross-action is amendable to reduce the amount of damage claimed to a sum within the jurisdictional limitation of the court. The trial court, consequently, did not err in overruling the general demurrer to the original cross-action, in overruling the general demurrer to the cross-action as amended, or in overruling the objections to the amendment to the cross-action.

2. In such a cross-action, however, as indicated above, the proper measure of the owners' damage would be the difference of the value of the house as finished by the building contractor and the house as it ought to have been finished under the terms of the contract (*Small* v. *Lee*, 4 *Ga. App.* 395, 61 S. E. 831; *Kendrick* v. *White*, 75 *Ga. App.* 307, 43 S. E. 2d 285), and the value of the house before and after the work done by the contractor is not a proper measure of the owners' damage. Where, however, in their original cross-action, the owners enumerated the various items of damage and allege an improper measure of damage, such defect cannot, by an oral motion to dismiss in a nature of a general demurrer, be urged at the time of the trial. Such an allegation of an improper meas-

834

ure of damage would be subject only to a timely written special demurrer. *Ford* v. *Fargason,* 120 *Ga.* 708 (48 S. E. 180).

3. While "performance as a condition precedent to a recovery on the contract must, according to the rule of the common law, be strict performance, in accordance with the terms of the contract and good faith and substantial performance is not enough," (17 C. J. S. 1085, § 508; *Haynie* v. *Murray,* 74 *Ga. App.* 253, 39 S. E. 2d 567), "the hardship of the rule requiring strict performance in order to permit recovery on a contract generally, when applied to a contractor who has undesignedly violated his contract and the inequitable advantage that it gives to an owner who receives and retains the benefit of the builder's labor and materials have led to its qualification; and it is generally held that, where the compensation is due only on the performance of the contract, a literal and strict performance is not required, and if the builder acting in good faith and intending and attempting to perform his contract, does so, he may recover the contract price, notwithstanding slight and trivial defects or deviations in performance, for which compensation may be made, in all its material and substantial particulars, by an allowance to the owner," 17 C. J. S. 1087, § 509; *Bobbs* v. *Shadburn,* 65 *Ga. App.* 683, 16 S. E. 2d 234) ; and, "where a defendant prevents the performance of a stipulation of a contract undertaken by the plaintiff, he is estopped from setting up in his own behalf any injury which may have resulted from the non-performance of such condition." *Stimpson Computing Scales Co.* v. *Taylor,* 4 *Ga. App.* 567 (4) (61 S. E. 1131) ; *Byck* v. *Weiler Co.,* 3 *Ga. App.* 387 (59 S. E. 1126).

4. Under an application of the foregoing principles of law to the facts of the present case, the trial court erred in disallowing the plaintiff's amendment to its original petition. While the gist of the original petition was that the contract had been completed, the plaintiff would be entitled to recover upon a showing of substantial performance of the contract or upon a showing of prevention of performance by the defendants, and it was entitled to amend in this petition so as to allege that the contract had been completed "with the exception of some minor corrections that the plaintiff was prevented by the defendants from completing." The trial court's error in refusing to permit this amendment rendered all further proceedings nugatory.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

Decided May 7, 1956.

*Saul Blau,* for plaintiff in error.
*Alton T. Milam, Ward Matthews, Jr.,* contra.