42442. WILSON v. BLACK et al.

ARGUED NOVEMBER 9, 1966—DECIDED DECEMBER 2, 1966.

*Peek, Whaley & Blackburn, Benjamin B. Blackburn, III, Glenville Haldi,* for appellant.

*Lewis, Lewis & Cagle, Robert W. Cagle,* for appellees.

EBERHARDT, Judge. ■ There was no error in overruling the general demurrer. *McKee v. Cartledge,* 79 Ga. App. 629 (54 SE2d 665); *Kollen v. High Point Forest,* 104 Ga. App. 713 (123 SE2d 10). The allegations meet the tests of the majority and the dissenting opinion of Judge Frankum in *Knight v. Hedden,* 112 Ga. App. 847 (146 SE2d 556) and *Parrish v. Waters,* 113 Ga. App. 593 (149 SE2d 179).

■ We think it clear that the obligation of the seller to complete the items presented by the purchasers at the time first scheduled for closing survived the execution and delivery of the warranty deed.

Plaintiff alleged and contended that the seller-defendant agreed, at the time of closing, to complete the items within 10 days—which he denied. However, there is a compelling reason why it is apparent that there was an agreement to complete the unfinished items and that the parties intended it should survive the execution and delivery of the deed. The jury was authorized to find, from the testimony of Mr. Brannon, the closing attorney who served as an escrow agent for the parties, that $1,000 of the purchase price was escrowed *as security* to the purchaser *that the work would be performed,* and that it *did not* represent the *estimated cost of the uncompleted items.* It was not held as liquidated damages.

When the seller failed to perform his agreement to complete the items, either within the 10 days or within a reasonable time after the closing, the purchaser was authorized to bring this action.

■ The proper measure of damages is the difference in the value of the house as delivered and the value it would have had if completed in accordance with the contract. *Kendrick v. White,* 75 Ga. App. 307, 310 (43 SE2d 285); *McKee v. Wheelus,* 85 Ga. App. 525, 528 (69 SE2d 788); *Allied Enterprises, Inc. v. Brooks,* 93 Ga. App. 832, 833 (93 SE2d 392); *Spielberg v. McEntire,* 105 Ga. App. 545 (125 SE2d 134). This measure has been used in the allegations of the petition.

The evidence upon trial was largely as to the matter of what a reasonable cost would be for the completion of the uncompleted items, and we think this evidence was ample to enable

the jury to reach a verdict reflecting the difference in value. There was proof of the cost of the property to the purchaser under the contract of sale, and the seller testified that in his opinion it was worth more than the selling price. "Value may be shown by the testimony of experts, or by other testimony as to the nature of the injuries sustained and as to the material and labor supplied; and testimony as to the actual cost is admissible, such cost being a circumstance which may be considered by the jury in determining such value, under their right to weigh all the facts and circumstances bearing upon that question, and to form their own judgment on the data in evidence." *Lamon v. Perry*, 33 Ga. App. 248, 249 (125 SE 907). And see *Padgett v. Williams*, 82 Ga. App. 509 (61 SE2d 676); *Globe Motors v. Noonan*, 106 Ga. App. 486, 490 (127 SE2d 320). There was evidence that the estimates of the cost of completion as testified to by people in the building trade were reasonable, and the total of the estimates for all items was only a fraction of the purchase price or of the value placed on the property by the seller in his testimony.

While *Lamon*, *Padgett* and *Globe Motors* are cases dealing with repairing damage sustained to an automobile, we can see no logical reason for not applying the rule in the situation before us. The actual cost of completing the items, or the estimate of the cost for doing so by people in the business, is much more likely to represent the true damage suffered from the failure of the seller to complete his contract than would the opinion of an expert in real estate as to the difference in values, though that proof would certainly have been acceptable. Proof of the cost of repairing a house because of faulty construction has been held illustrative of the difference in the value claimed as damages. *Spielberg v. McEntire*, 105 Ga. App. 545, 550, supra. "Where the defects in the house as constructed may be remedied at a reasonable expense, it would be proper, we think, to deduct from the contract price the sum which it would cost to complete it according to the requirements of the plans and specifications." *Small v. D. J. Lee & Bros.*, 4 Ga. App. 395, 397 (61 SE 831). And it has been held that where the owner of a house contracted for the installation of a heating system

of a certain character and quality and the system installed was inferior, "the measure of the owner's damage is the sum required to make the plant conform to the specifications fixed by the contract." *Dornblatt v. Carlton,* 10 Ga. App. 741 (73 SE 1085).

The proof here was sufficient to authorize the verdict. No error appears in the overruling of the motion for judgment notwithstanding the verdict or of the motion for new trial.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*