42578. WINDSOR FOREST, INC. v. ROCKER et al.

318

Argued February 6, 1967—Decided February 14, 1967—
Rehearing denied February 28, 1967.

320

*Edward D. Wheeler, Grant, Spears & Duckworth, William G. Grant,* for appellant.

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Robert E. Corry, Jr.,* for appellees.

EBERHARDT, Judge. ■ It is first contended that the verdict and judgment appealed from are contrary to law and must be set aside because the amendment adding the count on which the verdict was returned does not in and of itself contain a prayer for judgment or other relief.

We find no merit in this contention. Count 2 (the paragraphs of which are numbered 33 through 36) incorporates by reference Paragraphs 1 through 7 and 17 through 32 of the 32 paragraphs of the original petition. Paragraph 2 alleges that defendant is indebted to plaintiffs in the amount of $10,000 plus $5,000 punitive damages. Paragraph 29 alleges that the value of the house free from the defects is $18,500, and Paragraph 30 alleges that the value of the house in its present condition is $8,500. Paragraph 31 alleges that plaintiffs sustained actual damages of $10,000 as a result of the fraud perpetrated upon them, and Paragraph 32 states that plaintiffs seek and are entitled to recover $5,000 punitive damages because of defendant's tortious conduct and the aggravating circumstances. This count thus shows on its face a purpose to recover the same actual and punitive damages sought in the original petition; and, if the lack of a specific prayer for these damages in the amendment adding Count 2 is a defect, it is a formal, amendable defect cured by verdict. Cf. *Fitzpatrick v. Paulding*, 131 Ga. 693 (63 SE 213); *Wilson v. Groover*, 146 Ga. 369 (91 SE 113); *Auld v. Schmelz*, 199 Ga. 633 (2) (34 SE2d 860); *Armstrong v. Armstrong*, 206 Ga. 540 (1) (57 SE2d 668); *Nichols v. Nichols*, 209 Ga. 811 (2) (76 SE2d 400); *Wright v. Florida-Georgia Tractor Co.*, 218 Ga. 824 (2) (130 SE2d 736); *McCollum v. Thomason*, 32 Ga. App. 160 (4) (122 SE 800); *Henderson v. Ellarbee*, 35 Ga. App. 5 (4) (131 SE 524). This is particularly true since the amendment was ordered filed subject to objection and demurrer, and none was interposed.

Moreover, a single ad damnum clause or prayer for relief at the end of a count is sufficient for all the counts which precede it, if the language used is broad enough to include them. *Gaither v. Gaither*, 206 Ga. 808, 813-814 (58 SE2d 834); *Henderson v. Stewart*, 102 Ga. App. 533 (117 SE2d 176). While it would have been better practice for the amendment to spe-

cifically recite that the additional paragraphs were added before the prayers of the original petition, it is clear that Count 2 was intended to be so added and that the prayers are intended to apply to, and are appropriate to, this count.

■ It is next contended that there is no evidence to support a verdict in the amount returned or in any amount. The basis of this contention is that while there is evidence from which the jury could have found that the brickwork on all four walls of the house was defective as a result of one or more of three possible causes and that the cost of removing and replacing the defective brickwork would amount to $9,851, there is no evidence from which the jury could have determined just how much of the brickwork was defective *due to the use of frozen mortar* as alleged in Count 2 or what amount of actual damages plaintiffs suffered *as a result of frozen mortar*.

This point is not well-taken. The measure of damages in an action for fraud and deceit is the actual loss sustained, and if the contract is one of purchase and sale the actual damages are the difference between the value of the thing sold at the time of delivery and what its value would have been if the representations made had been true. *Spindel v. Kirsch,* 114 Ga. App. 520 (151 SE2d 787). It is the same measure applied where a builder has failed to complete the building of a house according to contract. *Kendrick v. White,* 75 Ga. App. 307, 310 (43 SE2d 285); *McKee v. Wheelus,* 85 Ga. App. 525, 528 (69 SE2d 788); *Allied Enterprises, Inc. v. Brooks,* 93 Ga. App. 832, 833 (93 SE2d 392); *Spielberg v. McEntire,* 105 Ga. App. 545 (125 SE2d 134).

This difference in value may be shown by evidence of the reasonable cost of correcting the defect. *Small v. Lee & Brothers,* 4 Ga. App. 395, 397 (61 SE 831); *Dornblatt v. Carlton,* 10 Ga. App. 741 (73 SE 1085); *Wilson v. Black,* 114 Ga. App. 735 (3) (152 SE2d 755). There is evidence in this record that the value of the property when plaintiffs moved in, just after closing the purchase, was regarded as being $18,500, (which has increased because of improvements made on it), and that after discovery of the defective mortar, the value was no more than $8,000. There was also evidence of a contractor that the de-

fective mortar joints existed in all of the walls and that the condition could be corrected only by a removal and replacement of all of the brickwork, at a cost of $9,851. The walls were cracking in various places and the mortar joints were "powdering out" all around the house. There was ample evidence from which the jury could conclude that the defective condition was general and present in all walls of the house. The evidence would authorize a finding that a freeze of the mortar before use, or a freeze during or even after completion of construction, but before the lapse of a sufficient time for bonding had taken place, would result in no bond and thus make bad mortar joints over all of the walls of the house. Though the bricklayer called this to the attention of the superintendent of the construction, he was instructed to proceed with the use of the mortar and laying of the brick when the weather was dipping below freezing.

Whether the amount of the damage is to be arrived at by use of the testimony as to the value the house would have had if it had been properly completed and its actual value in the condition delivered, or by the testimony as to the cost of correcting the defective mortar joints, the verdict is amply supported as to amount.

■ Enumeration of error No. 4 complains that appellant's counsel were denied an opportunity to urge objections *before* the giving of the charge to certain of the requests which had been submitted by counsel for appellees. It appears that at the close of the evidence and before the beginning of arguments the court informed counsel that he would give all requests that had been submitted. *After* the charge was given, opportunity was afforded counsel to present any objections—and some were then made.

Section 17 (b) of the Appellate Practice Act of 1965 (*Code Ann.* § 70-207 (b)) provides that at the close of the evidence, or at such earlier time as the court reasonably directs, written requests to charge may be presented, with copies to opposing counsel, and "The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but shall instruct the jury after the arguments are completed." There is no provision requiring that counsel be afforded oppor-

tunity to object to requests at that time—only that they be informed as to the court's intention as to whether he will give them. It may be better, as counsel insist, to keep error out of a charge than to put it in and then take it out under objections made before verdict as contemplated by Sec. 17 (a), but some latitude must be left to the trial judge as to how he will conduct the trial of his cases. He may, in his discretion, hear objections on the requests before deciding whether he will give them, or he may proceed with making his own determination without the benefit of objections or argument from counsel. We see no difference in this situation and that of an objection to evidence. "Where objections are made to the admissibility or evidence, the court must rule thereon, and there is no requirement that he must hear from counsel before doing so. Why should the court listen to argument on the admissibility of evidence when he has decided how he is going to rule? Defendant is fully protected by his right of appeal and reversal of the court, if it is in error." *Sullivan v. State,* 222 Ga. 691 (1) (152 SE2d 382).

But even if it were required, we do not perceive how there would be harmful error in his failing to do so if the requests themselves were not erroneous. Since we find no reversible error in any of the requests given on behalf of the appellees, it becomes obvious that this enumeration is without merit. *Dill v. State,* 222 Ga. 793 (152 SE2d 741).

■ It is conceded by appellant that as to the portion of the charge referred to in Enumeration of error No. 5, exceptions were not made to it before verdict, as required by § 17 (a) of the Appellate Practice Act of 1965 (*Code Ann.* § 70-207 (a)), but we are asked to review error now enumerated and contended to have been in the charge under § 17 (c) (*Code Ann.* § 70-207 (c)).

We have examined the whole charge and the portion now claimed to have been error. The errors alleged do not meet the test of *Nathan v. Duncan,* 113 Ga. App. 630 (6), 636 (149 SE2d 383); *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393); *Hollywood Baptist Church of Rome v. State Hwy. Dept.,* 114 Ga. App. 98, 99 (3) (150 SE2d 271); *Southwire Co. v. Franklin Aluminum Co.,* 114 Ga. App. 337 (2) (151

SE2d 493); *Saint v. Ryan,* 114 Ga. App. 489 (2) (151 SE2d 826), nor do we find them so. We regard the charge as not being error under the evidence in this record, or at most, harmless error.

■ In Enumerations of error Nos. 6 and 7 it is urged that a request to charge on the matter of a wilful misrepresentation of a material fact was erroneously given because unsupported by evidence. The objection made to the trial court concerning this request was specifically limited to its application to Count 1 of the petition. Since there was no verdict against the defendant-appellant on that count of the petition the error, if any, was harmless.

■ Plaintiff submitted a request to charge that a reckless representation of facts as true, which the other party may not know to be false, if intended to deceive, is equivalent to actual knowledge of the falsity by the party so representing them. The charge was given and defendant excepted thereto, as to Count 1 of the petition, because it was unsupported by the evidence. Again, since the verdict was in the defendant's favor as to Count 1, the error, if any, was harmless.

■ Enumeration of error No. 9, not argued or supported in the brief, is deemed abandoned.

■ The court charged that if there was a concealed defect in the house which the defendant seller knew about or should have known about in the exercise of ordinary prudence, and which an ordinarily prudent examination by the plaintiff buyer would not have revealed, the seller was bound to reveal it and failure to do so would constitute fraud. As an abstract proposition this charge was correct. *Davis v. Hopkins,* 50 Ga. App. 654 (179 SE 213); *Southern v. Floyd,* 89 Ga. App. 602 (80 SE2d 490). It is a fundamental tenet of the Anglo-American law of fraud that it may be committed by a *suppressio veri* as well as by *suggestio falsi*. The complaint here is that the contract of sale was made prior to the construction of the house and at that time no concealed defect could have existed. The contract was not completed, however, until the seller constructed and delivered the house, and if there was a known

concealed defect at that time it should have been revealed. We see no error in the charge.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*