## 46053.   LESLIE, INC. v. RUSS.

EVANS, Judge. Leslie, Inc., d/b/a JIL Home Improvements Co., as plaintiff, filed a complaint in the Civil and Criminal Court of DeKalb County, against James S. Russ as defendant. The petition alleges there was a contract to perform certain home improvements by the plaintiff for the defendant, said contract being in writing; that said work has been completed; that part payment was made by the defendant and a balance is owed to

the plaintiff for which the plaintiff here seeks judgment plus interest and costs. The defendant filed a counterclaim alleging defective and faulty work performed by the plaintiff which resulted in monetary damage to him.

The case proceeded to trial before a jury which returned a verdict for the defendant on his cross claim, and judgment was thereafter entered. A motion for new trial was duly filed and amended, and after a hearing, the trial judge denied the motion and plaintiff appeals, setting forth nine enumerations of error in this court. *Held:*

1. The appellant files its brief, which is, to say the least, exceptional for its brevity. It contains only two pages, of which slightly more than one page is taken up with a statement of the facts. That part of the brief devoted to argument is composed of five sentences. Giving the appellant the benefit of every doubt, it may be said that in the briefest way possible he discusses some of the enumerations of error. However, under the rules of this court all enumerations of error not argued are considered as abandoned. Neither Part I nor Part II of appellant's brief complies with Rule 17 (*Code Ann.* § 24-3617) in the following particulars: 1. The enumerated errors are not supported by specific reference to the record or transcript or both. 2. The argument which is founded upon particular portions of the evidence is not supported by reference to the page or pages in the transcript where the evidence may be found. But by supplemental brief not filed until after the time for oral argument in this court had expired, and without seeking or obtaining permission of this court to do so, counsel does argue some of the errors enumerated. However, we have no alternative but to declare that all alleged errors not properly argued have been specifically abandoned. The court will pass on those which we consider not to have been abandoned by the foregoing conduct of appellant.

2. The defendant orally testified without objection that he had been billed for certain materials and services purchased. These bills were offered in evidence. In *Thruway Service City v. Townsend,* 116 Ga. App. 379 (2) (157 SE2d 564) it was held that similar exhibits are considered properly admitted in evidence as

a memorandum of a transaction made in the regular course of business under Ga. L. 1952, p. 177 (*Code Ann.* § 38-711). In the case of *Baldwin v. Davis,* 188 Ga. 587 (4) (4 SE2d 459) it is held that an exception to the admission of written evidence "shows no harmful error, since oral testimony as to the contents of the writings was admitted without objection." The alleged error in the admission of those exhibits is not meritorious.

3. Plaintiff attempted to show that a subcontractor performed additional work for the defendant other than that of the contract on which he was suing. An amendment would be necessary before this evidence would be admissible. The lower court did not err in ruling this evidence inadmissible.

4. One of the alleged errors complained of is that the jury failed to consider certain evidence in making a determination of the issues. There was ample evidence to support the verdict and we have no way of knowing exactly how the jury arrived at its verdict, or as to what evidence it considered. *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317 (2) (154 SE2d 627).

5. Counsel for the plaintiff failed to object to the court's charge when given the opportunity under § 17 (a) of the Appellate Practice Act of 1965, as amended (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078). Hence, he failed to comply with the law as to making a proper objection. But even under § 17 (c), the appellant fails to point out substantial error in the charge "which was harmful as a matter of law." *Black v. Aultman,* 120 Ga. App. 826 (172 SE2d 336). The instruction complained of here merely advised the jury that the defendant in his cross claim was entitled to have the contract completed "or its equivalent," and that if it was necessary that "a substantial part of the work would have to be changed and rebuilt (sic) in order for the work to be done in accordance with the contract," the defendant would be entitled to recover as recoupment the reasonable value of making the repairs to make the work conform to the contract. There was evidence submitted to authorize this charge. *Code* § 20-1314; *Kendrick v. White,* 75 Ga. App. 307 (43 SE2d 285); *Allied Enterprises, Inc. v. Brooks,* 93 Ga. App. 832 (1) (93 SE2d 392).

6. No merit having been found in any of the enumerations of error not deemed to have been abandoned, the judgment must be affirmed.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
ARGUED MARCH 3, 1971—DECIDED APRIL 6, 1971.

*Parks & Eisenberg, David S. Eisenberg,* for appellant.
*Lipshutz, Macey, Zusmann & Sikes, Martin M. Pollock,* for appellee.