## 51775. REID et al. v. MINTER et al.

CLARK, Judge.

In this action for fraud and deceit in the sale of a house, plaintiffs (appellants) seek damages for the diminished value of their flooded house purchased from the named defendant and her agents (appellees). Prior to trial, plaintiffs presented an oral motion for partial summary judgment on the issues of liability. This motion was granted on the basis of defendants having failed to file their answers within 30 days after service as required by Code Ann. § 81A-136 (a) to plaintiffs' discovery requests which sought admissions as to all the elements of fraud. The issue of liability was thus determined in

plaintiffs' favor and the case proceeded to trial on the sole issue of damages.

At the conclusion of the non-jury trial, in which the trial judge acted as trier of fact, a judgment was entered for plaintiffs for $500. Plaintiffs then initiated their first appeal. The case was then remanded with direction, due to the trial court's noncompliance with Code Ann. § 81A-152 (a) requiring the recitation of findings of fact and conclusions of law. See *Reid v. Minter*, 135 Ga. App. 763 (219 SE2d 15). In compliance with our directives, the trial court vacated its first judgment and made its findings of fact and conclusions of law. Judgment was then entered for $1 actual damages, $1 punitive damages, and court costs.

The sole issue presented in plaintiffs' instant appeal concerns the adequacy of the awarded damages.

Plaintiffs testified as to the damage done to household items. Their independent witness who stated his qualifications in appraising water damage costs had examined plaintiffs' house when he was a salesman for Vulcan Basement and Waterproofing. He testified as to his findings and described the various types of structural damage caused by water leakage. He also described the repairs which were needed to alleviate the water problems and estimated the cost of this repair work at $3,120. Additionally, photographs of the basement, admitted in evidence, depicted extensive damage.

In setting actual damages at $1, the trial court concluded that the evidence presented "no logical way to assess damages." (R. 10). This finding is contrary to the evidence and appears to ignore well established principles of law. "The measure of damages in an action for fraud and deceit is the actual loss sustained, and if the contract is one of purchase and sale the actual damages are the difference between the value of the thing sold at the time of delivery and what its value would have been if the representations made had been true. [Cit.] *This difference in value may be shown by evidence of the reasonable cost of correcting the defect. [Cits.]" Windsor Forest, Inc. v. Rocker*, 115 Ga. App. 317, 322 (154 SE2d 627). (Emphasis supplied.)

Regardless of the sufficiency of other evidence

attempting to show damage to plaintiffs' personal property, it is clear that the amount of damage to the realty was adequately shown by competent and unrebutted evidence. While this court will not normally interfere with the trier of fact's assessment of damages, such is not the case where, as here, the damages are so inadequate as to suggest gross mistake or undue bias. *Potter v. Swindle,* 77 Ga. 419 (3 SE 94); *Anglin v. Columbus,* 128 Ga. 469 (57 SE 780); *Travers v. Macon R. &c. Co.,* 19 Ga. App. 15 (90 SE 732); *McLendon v. Floyd,* 59 Ga. App. 506 (1 SE2d 466); *Brewer v. Gittings,* 102 Ga. App. 367 (116 SE2d 500); *Tallent v. McKelvey,* 105 Ga. App. 660 (125 SE2d 65); *Simmons v. Brock,* 131 Ga. App. 275 (205 SE2d 716).

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED FEBRUARY 2, 1976 — DECIDED FEBRUARY 26, 1976.

*Roger W. Moister, Jr.,* for appellants.
*W. M. Mathews, Jr.,* for appellees.