54163. MINTER et al. v. REID et al.

WEBB, Judge.

For the third time this fraud and deceit case is before us. In 1975 (*Minter v. Reid,* 135 Ga. App. 763 (219 SE2d 15)), we remanded for noncompliance with Code Ann. § 81A-152 (a), requiring the trial judge in a nonjury trial to

make findings of fact and conclusions of law. The sole issue in the second appeal (*Reid v. Minter,* 137 Ga. App. 799 (224 SE2d 849) (1976)), was adequacy of the awarded damages, judgment having been entered for $1 actual damages, $1 punitive damages and court costs. We reversed, holding that the damages were so inadequate as to suggest gross mistake or undue bias.

Upon retrial before a jury the parties presented evidence on the question of damages alone, liability not being in issue, and judgment was entered on the jury's verdict in favor of Mr. and Mrs. Reid in the amount of $6,500 general damages, $1,200 punitive damages and $4,000 expenses of litigation. In this appeal from that judgment, enumerations of error as to issues other than damages cannot be determined. Constitutional questions (Code Ann. § 2-3104) and assertions of error regarding instructions to the jury to which no objections were made are not properly before this court. Code Ann. § 70-207 (a), (c); *Sullens v. Sullens,* 236 Ga. 645, 646 (224 SE2d 921) (1976).

We have considered all complaints as to measure and amount of damages and attorney fees, however, and find no reversible error. *McMichen v. Martin Burks Chevrolet,* 128 Ga. App. 482 (197 SE2d 395) (1973); *Maloy v. Dixon,* 127 Ga. App. 151, 155 (2b) (193 SE2d 19) (1972); *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317, 322 (2) (154 SE2d 627) (1967).

"Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. [Cits.]" *Taylor v. Ga. Power Co.,* 136 Ga. App. 412, 413 (1) (221 SE2d 222) (1975). The evidence here was ample to support the verdict.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

Argued July 6, 1977 — Decided July 13, 1977 — Rehearing denied July 28, 1977 —

*W. M. Mathews, Jr.,* for appellants.

*Roger W. Moister, Jr.,* for appellees.