## 55926. MORRIS v. BROWN et al.

BELL, Chief Judge.

This suit arose out of the construction of the appellant's residence. The appellee was the general contractor. The appellant and the appellee were co-defendants in the trial court as they were jointly sued by the plaintiff, the electrical subcontractor. The appellant and appellee cross claimed against one another. The case was tried before a jury which returned verdicts against the appellant on his cross claim finding that he was entitled to recover nothing against appellee and that the appellee was entitled to recover $2,800 on his cross claim. Judgment was entered on the verdicts. The verdict and judgment in favor of the plaintiff is not in issue. *Held:*

The only question raised is whether the evidence will authorize the verdicts and judgment on the respective cross claims. The appellant in his cross claim alleged that the appellee did not complete the residence according to the contract in that he failed to construct the house in a good and workmanlike manner. The appellee cross claimed for $2,800, the balance due him on the

construction contract. The appellant submitted evidence from an expert showing that the brick work was improperly performed; the foundation was not correctly installed; that the floor system in the house was defective and that this resulted from poor workmanship; and that it would cost $7,000 to remedy the defects. The appellant testified that the contract price for the house was $30,000 and that he had paid appellee "all but twenty six or twenty seven hundred dollars . . ." of the full price; that he was not aware of the exact figure; and that he has refused to pay the full price as appellee has failed to build the house in a good workmanlike manner as agreed. The appellee offered no evidence which is in conflict with the above. Under these facts, the evidence demands a verdict for the appellant in at least some amount. The appellant was entitled to have a home built in the manner specified by the contract. See *McKee v. Wheelus*, 85 Ga. App. 525 (69 SE2d 788). As appellant's evidence demanded verdict for appellant, the appellee likewise was not entitled to a judgment in the amount claimed. The balance due on the contract price for his recovery, if any, may be reduced to the extent of appellant's damages for the defective construction. *Small v. Lee & Bros.*, 4 Ga. App. 395 (61 SE 831).

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

SUBMITTED MAY 22, 1978 — DECIDED JULY 10, 1978 — REHEARING DENIED JULY 31, 1978.

*Glyndon C. Pruitt,* for appellant.
` *Spence, Garrett & Spence, William Edward Spence, G. Hughel Harrison,* for appellees.