64382. ORKIN EXTERMINATING COMPANY, INC. v.
BRYAN et al.

QUILLIAN, Chief Judge.

This is an action for damages based upon allegations of fraud.

Appellees Bryan, husband and wife, purchased a house from the previous owner on August 30, 1977. At or before the time of purchase they were presented with a letter from appellant Orkin Exterminating Company dated August 7, 1977 stating that they had inspected the house and that "there is no evidence of termites or other wood destroying insect infestation in subject property, and if such infestation previously existed, it has been corrected and any damage due to such infestation has also been corrected or alternatively been fully disclosed as follows: None." The signature to the letter was false and the contents thereof proved to be incorrect. When the Bryans moved into the house in October, 1977 they discovered some damage by wood destroying insects. Orkin immediately repaired this damage. In March, 1979 Orkin incorrectly stated on a house inspection certificate that the house was bonded for powder post beetles when Orkin did not provide such a bond. In July, 1980 when the Bryans cut holes in the floor to install air conditioning ducts, extensive insect damage was discovered. The evidence did not show when the damage occurred. Conflicting evidence was presented showing the value of the property at various times and the cost to repair the damage. The jury's verdict for the Bryans was $25,000 compensatory damages, $58,000 punitive damages, $12,000 attorney's fees, and $2,000 expenses of litigation, upon which

judgment was entered with the litigation expenses reduced to $1,323.29 to conform to the evidence. Orkin appeals the denials of its motions for judgment notwithstanding the verdict and new trial. *Held:*

Appellant's sole contention is that the evidence of damages was insufficient to support the verdict because the alleged tort occurred in August, 1977 when the appellees were given and relied upon the erroneous letter and there was no evidence showing the fair market value of the house before and after the letter was presented, nor was there any evidence of the cost of repair of the house at that time.

While appellant correctly states the measure of damages for the infliction of damage to a building, the gravamen of this action is for damages arising from the fraud of appellant in concealing or misrepresenting the condition of the house in connection with the sale and subsequent occupancy of the house.

"The measure of damages in an action for fraud and deceit is the actual loss sustained, and if the contract is one of purchase and sale the actual damages are the difference between the value of the thing sold at the time of delivery and what its value would have been if the representations made had been true. [Cit.] It is the same measure applied where a builder has failed to complete the building of a house according to a contract. [Cits.]

"This difference in value may be shown by evidence of the reasonable cost of correcting the defect. [Cits.]" *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317 (2), 322 (154 SE2d 627). Accord, *Reid v. Minter,* 137 Ga. App. 799 (224 SE2d 849).

Although the evidence in this case does not show the difference in the value of the house at the time of the purchase and what its value would have been if appellant's representations had been true, the evidence does show that the reasonable cost of repairing or correcting the insect damage at the time it was discovered was $25,000, the amount awarded by the verdict of the jury.

"Following a verdict which has the approval of the trial court, the evidence must be construed by an appellate court in the light most favorable to the prevailing party with every presumption and inference being in favor of upholding the verdict. [Cit.] And if there is any evidence to sustain the verdict of a jury, this court will not disturb it. [Cit.]" *United Ins. Co. v. Moore,* 147 Ga. App. 815 (2), 816 (250 SE2d 810).

So construing the evidence we find it sufficient to support the verdict and that the trial court did not err in denying appellant's motions.

*Judgment affirmed. Shulman, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 10, 1982 —
REHEARING DENIED OCTOBER 8, 1982.

*Malberry Smith, Jr.,* for appellant.
*Adam P. Cerbone, Thomas M. Cerbone,* for appellees.